El Pueblo, Demandante y Apelado, *v.* Pagán, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en causa por delito de acometimiento y agresión con circunstancias agravantes.

No. 960.—Resuelto en mayo 12, 1916.

Sobreseimiento de un Delito Grave—Nueva Acusación por Delito Menos Grave.—Cuando una acusación por delito grave (*felony*) es sobreseída y archivada a petición del Fiscal, puede presentarse nueva acusación por delito menos grave (*misdemeanor*) por no impedirlo el artículo 452 del Código de Enjuiciamiento Criminal.

Ataque con Intención de Cometer Asesinato—Acometimiento y Agresión con Circunstancias Agravantes—Sobreseimiento Antes de Comenzarse el Juicio — Convicción o Absolución Anterior por el Mismo Delito (Former Jeopardy).—Aunque el delito de acometimiento y agresión con circunstancias agravantes, que es menos grave, está comprendido necesariamente en el delito más grave de ataque con intención de cometer asesinato, para que de acuerdo con el artículo 169 del Código de Enjuiciamiento Criminal el sobreseimiento de ·una acusación por este último delito constituya impedi-

mento a una acusación por el primero, es necesario que el sobreseimiento se haya decretado después de haberse comenzado el juicio por el delito más grave, porque una persona no queda expuesta a ser convicta de un delito hasta que el juicio comienza ante un tribunal con jurisdicción y mediante acusación válida y suficiente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Cayetano Coll Cuchí.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

Carlos Pagán fué acusado del delito de atentado a la vida, pero habiendo sido sobreseída la causa por el tribunal el día antes del señalado para el juicio a petición del Fiscal, basada en que no tenía evidencia suficiente para probar ese delito, fué presentada nueva acusación en la que se le imputó por el mismo hecho el delito de acometimiento y agresión con circunstancias agravantes. Al leérsele esta acusación, pidió el sobreseimiento y archivo de la causa fundándose en que el delito de atentado a la vida comprende el de acometimiento y agresión con circunstancias agravantes, y en el artículo 452 del Código de Enjuiciamiento Criminal por ser menos grave el delito por el que se le persigue en la segunda acusación. La petición fué desestimada por el tribunal inferior quien, celebrado el juicio, lo declaró culpable y le impuso pena, contra cuya sentencia apeló el acusado.

La única cuestión que surge de la transcripción y que oralmente propuso el abogado del apelante es la de si fué errónea o no la resolución que desestimó la moción de que hemos hecho referencia.

El artículo 452 que se cita dispone que el sobreseimiento de una causa imposibilita la formación de otro proceso por el mismo delito, si éste es un delito menos grave, pero no así cuando el delito es muy grave, precepto que carece de aplicación en el presente caso porque el primer delito sobreseído no era menos grave sino muy grave.

El otro motivo que tuvo el apelante para solicitar el sobreseimiento puede considerarse como una alegación basada en

el artículo 169 del mismo código, según el cual si el acusado hubiere sido convicto o absuelto de una acusación o estado en peligro alguna vez por la misma, tal convicción, absolución, o peligro constituirá impedimento a una nueva acusación por el delito imputado en la anterior, o por tentativa de cometerlo, o por cualquier delito necesariamente comprendido en la misma de que hubiere pedido ser convicto en virtud de dicha acusación.

Aunque el delito de acometimiento y agresión con circunstancias agravantes, que es menos grave, está comprendido necesariamente en el delito grave de atentado a la vida porque el primero es el segundo con la sola diferencia de que en éste existe la intención de cometer asesinato al realizar el acometimiento y agresión, sin embargo, para que el sobreseimiento de una acusación de atentado a la vida constituya impedimento a otra acusación por el delito de acometimiento y agresión con circunstancias agravantes, es necesario que el sobreseimiento se haya decretado después de haberse comenzado el juicio por el delito grave, porque una persona no ha estado expuesta a ser convicta de un delito hasta que el juicio comienza ante un tribunal con jurisdicción, mediante una acusación válida y suficiente para poder sostener una convicción. 12 Cyc. 261, 268.

Habiendo sido sobreseído en este caso el primer proceso antes de comenzar el juicio, no estuvo el apelante en peligro de ser condenado del delito menor de acometimiento y agresión con circunstancias agravantes por el que después fué condenado y fué propiamente desestimada su moción de sobreseimiento.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.