El Pueblo de Puerto Rico, demandante y apelado, *v.* Feliciano Muñoz, acusado y apelante.

Núm. 8249.—*Sometido:* Junio 21, 1940. *Resuelto:* Julio 1, 1940.

*Edrulfo Astacio* y *Jorge V. Toledo,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Feliciano Muñoz fué convicto y sentenciado a pagar una multa de $50 por infracción a la sección 1ª. de la Ley núm. 61 de 6 de mayo de 1936 (Leyes de ese año, pág. 315), a base de una denuncia que en lo pertinente dice así:

"Yo . . . formulo denuncia contra Feliciano Muñoz . . . porque el referido acusado . . . allí y entonces, ilegal, voluntaria y maliciosamente, actuando en su carácter de maestro de una construcción . . . bajo contrato de Jorge Valldejuly . . . violó las disposiciones de la sección 1ra. de la Ley núm. 61 de 1936 . . . porque actuando el acusado en la forma expresada, permitió que los operarios de dicha construcción, Juan Carmona y Angel Muñoz, estuviesen trabajando en andamios que no tenían dos pies de ancho por lo menos, ni iban

cercados de un seto y barandilla de seguridad formando ángulo recto cerrado hasta la altura de treintiseis pulgadas sobre el piso o parte superficial de dichos andamios, extendiéndose a lo largo hasta sus extremos, no habiendo sido construídos los referidos andamios de una manera sólida, segura, adecuada y conveniente, y de tal modo colocados que al ser puestos en operación, como lo estaban, ofrecieran propia y adecuada protección a la vida y miembros de los obreros que sobre ellos allí y entonces se hallaban trabajando y de las personas que tuvieran que pasar por debajo de los mismos. Este hecho es contrario a la ley."

Como el acusado alega que la denuncia no expone hechos constitutivos de delito público, debemos conocer los preceptos legales aplicables al presente caso, que son las secciones 1ª. y 3ª. de la citada ley, a saber:

"Sección 1.—Toda clase de andamios, ascensores, grúas, plataformas, escalas o escaleras u otro cualquier aparato mecánico, ya portátil o fijo colocado o construído por cualquier persona, firma o corporación en esta Isla con el objeto de edificar, reparar, alterar, destruir, o pintar cualquier casa, edificio, puente, viaducto u *otra clase de construcción cualquiera*, será construído de una manera segura, apropiada y conveniente y de tal modo colocado al ser puestos en operación, que ofrezcan propia y adecuada protección a la vida y miembros de la persona o personas que sobre ellos se hallen trabajando y de los que tuvieren que pasar por debajo de los mismos, de tal manera que no puedan caer al suelo ni el material ni los utensilios depositados sobre los mismos, todo andamio, plataforma u otro aparato similar, tendrá, siendo posible, dos pies de ancho por lo menos, e irá cercado de un seto y barandilla de seguridad formando ángulo recto cerrado hasta la altura de treinta y seis (36) pulgadas sobre el piso o parte superficial de dicho andamio o plataforma, extendiéndose a lo largo hasta sus extremos, sólidamente construída y de tal modo firme y asegurada, que no sea posible su desprendimiento del edificio o construcción. El Comisionado del Trabajo o sus representantes quedan autorizados para paralizar la ejecución de cualquier trabajo en que se falte a las anteriores disposiciones, y para requerir todos aquellos cambios o modificaciones que considere necesarios para la protección de la vida o los miembros de los trabajadores en dichos sitios para que dicho trabajo continúe.

"Sección 3. Cualquier persona o el administrador, superintendente, capataz, mayordomo o representante de dicha persona que infrinja esta Ley será castigada con multa mínima de veinticinco (25) dólares, o cárcel por un término máximo de sesenta (60) días."

■■ Sostiene el acusado que la denuncia es insuficiente porque, prescribiendo la sección 1ª. que: ". . . todo andamio, plataforma u otro aparato similar, tendrá, siendo posible, dos pies de ancho por lo menos e irá cercado de un seto y barandilla de seguridad . . .", no alegándose en la denuncia que era posible cumplir dicho requisito, no se expone el delito que se intentó imputar.

La frase siendo posible es parte de la definición del delito y por consiguiente debió alegarse en la denuncia. Pueblo v. Cortés, 24 D.P.R. 208. Véase por vía de ilustración el caso de Pueblo v. Avilés, 54 D.P.R. 272. Sin embargo la denuncia imputa otra modalidad, cual es la de que los andamios no estaban provistos del "seto y barandilla de seguridad", condición ésta que no está afectada por la frase "siendo posible", que modifica solamente al ancho del piso del andamio, plataforma, etc. Por consiguiente, prescindiendo del defecto en el ancho del andamio, alegándose en la denuncia el defecto del seto y barandilla, no cabe duda alguna de que se expone suficientemente el delito comprendido en la sección 1ª. de la ley.

■ Alega también el acusado que dicha sección, al referirse a las condiciones de los andamios, dice: "Toda clase de andamios, ascensores . . . será construído de una manera segura, apropiada . . .", y que como en la denuncia no se imputa al acusado haber construído los andamios, sino haber permitido que los obreros estuviesen trabajando en ellos, la denuncia no expone una infracción a la citada sección.

El fin que persigue la ley es la protección de los trabajadores contra caídas de andamios, así como la de las personas que transitan por debajo de los mismos, contra las herramientas u objetos que puedan caerse de ellos. La forma y condiciones que deben reunir los andamios no es más que el medio

de lograr el fin o propósito ya indicado. El contratista o director de la obra puede adquirir los andamios de otra persona o entidad, y si no reunen las condiciones expuestas y se usan en la construcción de una obra, el responsable del defecto no es el que los construyó, sino el que ordenó o permitió que se usasen en violación de la ley, ya sea éste el administrador, superintendente, capataz o maestro, como en este caso. Sección 3. Por consiguiente, el dejar de alegar la denuncia que el acusado construyó dichos andamios es inmaterial si como en el presente caso se alega que siendo maestro de la obra, permitió su uso en violación de la ley.

A nuestro juicio la denuncia es suficiente.

■■ Se desprende de los autos que después de radicada la denuncia en la corte municipal, el Fiscal Especial del Departamento del Trabajo solicitó que fuese archivada, y se le permitiese radicar una nueva denuncia, a lo que accedió la corte, concediéndosele para ello un plazo dentro del cual quedó radicada la que consta de los autos. Posteriormente, el acusado solicitó en la misma corte municipal que se desestimase la nueva denuncia y se absolviese al acusado, invocando el artículo 452 del Código de Enjuiciamiento Criminal, que literalmente dice así:

"Artículo 452. Un auto para el sobreseimiento de una causa, *según lo prescrito en este capítulo,* imposibilita la formación de otro proceso por el mismo delito, si éste es un *misdemeanor* (delito menos grave); pero no así cuando el delito es un *felony* (delito muy grave)."

El artículo 452 está limitado por sus propios términos a los sobreseimientos que se ordenan de acuerdo con las disposiciones de los artículos 448 y 451 comprendidos en el capítulo sexto, que también comprende el citado artículo 452. El artículo 448 se contrae a la dilación en la presentación de la acusación y en la celebración del juicio, y el 451 a los sobreseimientos ordenados por la corte de su propia inicia-

tiva o a petición del fiscal *en pro de la justicia.* El caso de autos no está comprendido en ninguno de los dos artículos. El sobreseimiento se solicitó con el propósito de enmendar la denuncia que seguramente era insuficiente y que de haberse ido a juicio en tales condiciones hubiera resultado en un fracaso de la justicia. Un fiscal o denunciante que después de radicada una acusación o denuncia descubre algún defecto sustancial en la misma, puede y debe solicitar permiso para enmendarla. La situación en tales casos es la misma que se produce cuando el acusado presenta excepción perentoria a la acusación o denuncia y la corte, al declarar con lugar la excepción, ordena que se formule una nueva denuncia o acusación.

■■ La prueba que ante sí tuvo la corte sentenciadora es suficiente para sostener la denuncia y no podemos convenir con el apelante en que su apreciación fué errónea. Ya hemos visto que la denuncia imputa el defecto de las barandillas que exige la ley. De la prueba resultó que tales barandillas no existían y aunque el acusado trata de demostrar que no eran necesarias cuando de la construcción de una torre se trata, sin embargo la sección 1ª. de la ley se refiere a andamios colocados con el objeto "de reparar . . . cualquier casa, edificio, puente, viaducto u *otra clase de construcción cualquiera,* la cual incluye, naturalmente, una torre para facilitar la manipulación del concreto que ha de verterse en los moldes cuando la edificación haya llegado a una altura a que un hombre desde el suelo no pueda cómodamente alcanzar. Además, de la declaración del testigo Cecilio Monge, inspector especial del Departamento del Trabajo, aparece lo siguiente:

"A. Ahora, dígame, ¿se usan barandillas en las torres?

"T. Deben usarse, pero la mayor parte no las usan porque la misma torre sustituye la barandilla por el espacio tan pequeño donde se trabaja.

"A. Con la experiencia que usted tiene como agente del trabajo, en algunas obras ¿usted ha visto que usan las barandillas en las torres?

"T. Yo he visto muchos contratistas que levantan las torres y ponen las barandillas.

"A. ¿Y ha visto muchos que no las usan?

"T. También.

"A. ¿Usted los ha denunciado?

"T. No, señor.

"A. ¿Usted no los ha denunciado?

"T. No, señor.

"A. ¿Y por qué no los ha denunciado?

"T. Porque se les han hecho indicaciones en el sentido de que se enmienden las deficiencias encontradas y entonces los maestros han accedido a hacer eso y lo han hecho.

"A. ¿Pero lo cierto es que no se usan siempre las barandillas?

"T. Cuando ordenamos nosotros ponerlas las usan.

"A. ¿En este caso ustedes no ordenaron que pusieran las barandillas?

"T. Sí, señor, las ordenamos.

"A. ¿Y las pusieron?

"T. No, señor.  (T. de E., págs. 15–16.)

La multa de $50 impuesta al acusado está permitida por la sección 3 antes transcrita que fija un mínimo de $25 de multa o cárcel por un término máximo de 60 días.  Como no señala máximo en cuanto a la pena de multa y la impuesta en este caso no es exagerada (artículo 2 de la Ley Orgánica), no debemos intervenir con la discreción del tribunal inferior al imponerla, especialmente cuando de la prueba resulta que al acusado se dió una oportunidad de corregir la deficiencia y lejos de hacerlo así, al volver los inspectores de seguridad industrial del Departamento del Trabajo fueron provocados e injuriados por el acusado.

*Por lo expuesto, procede la desestimación del recurso y la confirmación de la sentencia apelada.*