EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN ÁLVAREZ DE JESÚS, acusado y apelante. EL MISMO *v.* EL MISMO.

Núms. 8406 y 8407.—*Sometidos:* Diciembre 16, 1940. *Resueltos:* Diciembre 17, 1940.

*Leopoldo Tormes García,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué arrestado el 5 de octubre de 1938 para responder de ciertos actos delictivos por los cuales se le presentaron dos acusaciones por atentado a la vida. Fueron éstas radicadas después de los sesenta días de haberse verificado el arresto y la corte, a moción del acusado, ordenó su sobreseimiento, a virtud de lo dispuesto en el inciso primero del artículo 448 del Código de Enjuiciamiento Criminal. Sobreseídas dicha dos acusaciones, el fiscal presentó dos nuevas, por los mismos delitos, que resumiremos así:

Caso número 8406:

Que el 5 de octubre de 1938 y en Ponce, Puerto Rico, el acusado ilegal, voluntaria y maliciosamente, y *con el propósito de asesinarlo,* allí y entonces acometió y agredió con un revólver cargado de balas al ser humano Marcelino Martínez, haciéndole un disparo con dicho revólver y produciéndole una herida de bala en la parte posterior del cuello.

Caso número 8407:

Que el acusado, allá para el día 5 de octubre de 1938 y en la ciudad de Ponce, voluntaria y maliciosamente y *con el propósito de asesinarla,* allí y entonces acometió y agredió con un revólver al ser humano Carmen Rosa Merced, infiriéndole varios golpes en la cabeza con dicho revólver, produciéndole varias contusiones.

Se concedió al acusado hasta el 5 de septiembre de 1939 para formular alegaciones y en la fecha últimamente citada

radicó una moción en cada caso en la que después de expresar los hechos antes reseñados, agregó:

"3. Que el Fiscal del Distrito indebida o erróneamente ha calificado los hechos contenidos en la acusación como constitutivos de un delito de atentado a la vida (*felony*), *cuando en realidad dichos hechos a lo sumo, y cuando resulte el acusado culpable de la realización de los mismos, podrán constituir un delito de acometimiento y agresión con circunstancias agravantes (misdemeanor)*, por lo que el Fiscal no podía radicar una nueva acusación contra este acusado por esos mismos hechos."

Desestimada que fué la moción referida, se celebraron los dos juicios por jurado, el cual declaró al acusado culpable de un delito de acometimiento y agresión con circunstancias agravantes en cada caso. La corte aceptó los veredictos, pero antes de que se dictara sentencia, el acusado, con fecha primero de junio de 1940, reprodujo su moción anterior solicitando el archivo y sobreseimiento de ambos casos, invocando el artículo 452 del Código de Enjuiciamiento Criminal, que textualmente dice:

"Art. 452. Un auto para el sobreseimiento de una causa, según lo prescrito en este capítulo, imposibilita la formación de otro proceso por el mismo delito si éste es un *misdemeanor* (delito menos grave); *pero no así cuando el delito es un felony* (delito más grave)." (Bastardillas nuestras.)

Desestimadas ambas mociones, se dictaron en cada caso las sentencias que motivan estos dos recursos.

■■ Conocemos ya las dos acusaciones que dieron lugar a los veredictos antes mencionados y no tenemos duda alguna de que suficientemente imputan el delito de atentado a la vida. Este delito comprende el de acometimiento y agresión, distinguiéndose de este último en que en el primero se imputa la intención de cometer asesinato. *Pueblo v. Pagán,* 23 D.P.R. 828.

■■ No consta de los autos el texto de las dos acusaciones que fueron anteriormente sobreseídas, pero sí aparece que eran por un delito de atentado a la vida, delito que nues-

tro Código Penal califica de *felony*. Siendo ello así, al sobre-
seerse dichas acusaciones, el artículo 452 citado no impide
que puedan presentarse nuevas acusaciones contra el acusado
por los mismos delitos. El hecho de que el jurado declarase
culpable al acusado de acometimiento y agresión con circuns-
tancias agravantes en ambos casos, no varía la calificación
del delito imputado en las acusaciones archivadas. El acu-
sado fué procesado por dos delitos de atentado a la vida
(*felony*) y esos procesos fueron los que se archivaron de
acuerdo con el artículo 448 del Código de Enjuiciamiento Cri-
minal, y siendo ello así, su sobreseimiento no impidió la for-
mación de otro proceso por el mismo delito, pues como hemos
visto las acusaciones sobreseídas se referían a delitos *felony*
y no *misdemeanor*.

En el caso de *Pueblo* v. *Pagán*, supra, citado por el fiscal,
se dijo por esta corte:

"Carlos Pagán fué acusado del delito de atentado a la vida, pero
habiendo sido sobreseída la causa por el tribunal el día antes del se-
ñalado para el juicio a petición del Fiscal, basada en que no tenía
evidencia suficiente para probar ese delito, fué presentada nueva
acusación en la que se le imputó por el mismo hecho el delito de aco-
metimiento y agresión con circunstancias agravantes. Al leérsele
esta acusación, pidió el sobreseimiento y archivo de la causa fundán-
dose en que el delito de atentado a la vida comprende el de acome-
timiento y agresión con circunstancias agravantes, y en el artículo
452 del Código de Enjuiciamiento Criminal por ser menos grave el
delito por el que se le persigue en la segunda acusación. La petición
fué desestimada por el tribunal inferior, quien, celebrado el juicio,
lo declaró culpable y le impuso pena, contra cuya sentencia apeló
el acusado.

"       .        .          .          .        .          .

"El artículo 452 que se cita dispone que el sobreseimiento de una
causa imposibilita la formación de otro proceso por el mismo delito,
si éste es un delito menos grave, pero no así cuando el delito es muy
grave, precepto que carece de aplicación en el presente caso porque
el primer delito sobreseído no era menos grave sino muy grave."

En el presente caso, la segunda acusación no fué como en
el de Pagán, por acometimiento y agresión grave (*misde-*

*meanor*) sino por el mismo delito anteriormente imputádole de atentado a la vida. Si el sobreseimiento de la acusación anterior en el caso de Pagán no impidió la acusación posterior por acometimiento y agresión grave—por tratarse de que la acusación sobreseída imputaba un *felony*—, tampoco puede impedirla en el presente caso por el hecho de que la segunda acusación sea por el mismo delito (*felony*), por autorizarlo así de manera expresa el artículo 452 del Código de Enjuiciamiento Criminal.

El caso del *Pueblo* v. *Ramos,* 28 D.P.R. 800, invocado por el apelante, no es de aplicación al de autos. En aquél, Ramos fué acusado de un delito de hurto de mayor cuantía (*felony*), y el jurado lo declaró culpable de hurto de menor cuantía (*misdemeanor*). Según el apelante, la acusación se había presentado después de expirado el plazo de un año desde la comisión del delito y siendo el realmente cometido según el veredicto del jurado el de hurto de menor cuantía (*misdemeanor*), de haberse radicado en realidad la acusación después de un año de la comisión del delito, éste hubiera estado prescrito al radicarse la acusación.

El artículo 452 supra no se refiere al delito cometido, sino al delito imputado en la acusación, y es a la acusación y no al veredicto, o sentencia en casos vistos por tribunal de derecho, donde debe recurrirse para determinar si es o no aplicable la prohibición de nuevo proceso contenida en el artículo 452 supra.

Por lo expuesto, opinamos que no cometió la corte sentenciadora el error que se le imputa, por lo que *procede desestimar el recurso en uno y otro caso y confirmar las sentencias apeladas.*