El Pueblo de Puerto Rico, demandante y apelado, v. Marina García Medina, acusada y apelante.

Núm. 14225. *Sometido:* Enero 9, 1950. *Resuelto:* Abril 18, 1950.

*Arcilio Alvarado* y *Carlos J. Ortiz,* abogados de la apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

La cuestión a resolver en este recurso es si sobreseída una acusación que imputa un delito *misdemeanor* para radicar otra por los mismos hechos imputando un delito *felony*, procede la absolución de la acusada, cuando la convicción es por un delito *misdemeanor*.

En el presente caso la apelante fué acusada de homicidio involuntario, que es un *misdemeanor*, con motivo de la muerte ilegal de Magdaleno Ocasio, al manejar aquélla un revólver sin el debido cuidado y circunspección.(¹) Posteriormente, otro fiscal del mismo distrito solicitó del tribunal que ordenase el sobreseimiento de la acusación para radicar otra que imputaba un delito de asesinato. Accedió la corte, se radicó la nueva acusación y visto el caso ante un jurado, la acusada fué convicta de homicidio involuntario, suplicando el jurado clemencia en la imposición de la pena. Solicitó entonces la defensa que no obstante el veredicto, se absolviera a la acusada, toda vez que la acusación sobreseída imputaba un delito *misdemeanor* y a pesar de que la segunda acusación fué por un delito *felony*, el veredicto dejó establecido que el delito cometido fué un *misdemeanor.* Denegada la moción y sentenciada la acusada a seis meses de cárcel, interpuso el presente recurso. Arguye que con arreglo al artículo 452 del Código de Enjuiciamiento Criminal,(²) la corte inferior carecía de jurisdicción para dictar dicha sentencia.

▆▆▆▆ Es incuestionable que no obstante haberse enjuiciado a la acusada por un delito de asesinato, el veredicto dejó establecido que el delito por ella cometido fué el de homicidio involuntario. Cf. *El Pueblo* v. *Ramos*, 28 D.P.R. 800; *People* v. *Picetti*, 57 Pac. 156 (Cal., 1899); *People* v. *Angelo*, 75

---

(¹) La falta de cuidado y circunspección consistió en "manejar dicho revólver cargado en un sitio donde había otra persona, Magdaleno Ocasio, a quien apuntaba y decíale 'a que te mato'". La prueba presentada no aparece de los autos.

(²) El artículo 452 del Código de Enjuiciamiento Criminal prescribe: "Un auto para el sobreseimiento de una causa, según lo prescrito en este capítulo, imposibilita la formación de otro proceso por el mismo delito, si éste es un '*misdemeanor*' (delito menos grave); pero no así cuando el delito es un '*felony*' (delito muy grave)."

P.2d 614 (Cal., 1938). En consecuencia, debemos confrontárnos con el impedimento prescrito por el artículo 452 del Código de Enjuiciamiento Criminal. Sin embargo, el fiscal auxiliar de este Tribunal sostiene que ese impedimento se aplica exclusivamente a los sobreseimientos decretados con arreglo al artículo 448 del Código de Enjuiciamiento Criminal. [3] Insiste en que debemos revocar nuestras decisiones [3a] en que hemos declarado que el impedimento se aplica, tanto a los sobreseimientos bajo el artículo 448, como a los decretados con arreglo al 451. [4] En apoyo de su proposición invoca los casos de *People* v. *Hrjak*, 259 P. 353 (Cal., 1927); *People* v. *Zadro*, 66 P.2d 1204 (Cal., 1937) y *White* v. *Brinkman*, 73 P.2d 254 (Cal., 1937), todos los cuales fueron decididos por cortes intermedias de California. El razonamiento usado en el primero de ellos dista mucho de ser persuasivo. Se dijo allí que el lenguaje del artículo 1387 [452] [5] es demasiado claro para que pueda causar confusión y que en el mismo se limita su aplicación a los sobreseimientos provistos en el capítulo 8, tít. 10 del Código Penal, [6] y que tales sobreseimientos son los mencionados en el artículo 1382 [448]. Los otros dos casos se limitan a seguir ciega-

---

[3] El artículo 448 del Código de Enjuiciamiento Criminal prescribe:

"A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1. Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención.

"2. Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

[3a] *Pueblo* v. *Muñoz*, 57 D.P.R. 218; *Pueblo* v. *Calero*, 68 D.P.R. 316.

[4] El artículo 451 del Código de Enjuiciamiento Criminal prescribe:

"El tribunal, ya por su propio acuerdo o ya a petición del fiscal y en pro de la justicia, puede decretar el sobreseimiento de una causa o de una acusación. Las causas de sobreseimiento deben exponerse en el auto que al efecto se dicte, el cual se insertará en el acta del proceso."

[5] Junto al número del artículo del Código Penal de California pondremos en corchetes el correspondiente del Código de Enjuiciamiento Criminal de Puerto Rico.

[6] Ese capítulo corresponde con el capítulo 6, tít. XI de nuestro Código de Enjuiciamiento Criminal.

mente el de *People* v. *Hrjak*, supra, sin aducir ninguna argumentación.

En verdad, no vemos cómo pudo introducirse tal limitación a la letra del artículo 1387 [452], pues dicho artículo expresamente dispone que el impedimento a la formación de otro proceso por el mismo delito se aplica a los sobreseimientos "prescritos en este capítulo" y el cual incluye, tanto al artículo 1382 [448] como al 1385 [451]. Si ambos artículos están comprendidos en el citado capítulo, ¿con qué autoridad podría sostenerse que el impedimento se aplica a los sobreseimientos decretados con arreglo al artículo 448 con exclusión de los ordenados de acuerdo con el artículo 451? Si ésa fuera la intención legislativa, fácil hubiera sido sustituir las palabras "según lo prescrito en este capítulo" por la de "según lo prescrito en el artículo 448 de este Código". Precisamente, basándonos en la letra clara del artículo 452 del Código de Enjuiciamiento Criminal, dijimos en *Pueblo* v. *Muñoz*, 57 D.P.R. 218, 222:

"El artículo 452 está limitado por sus propios términos a los sobreseimientos que se ordenan de acuerdo con las disposiciones de los artículos 448 y 451 comprendidos en el Capítulo Sexto, que también comprende el citado artículo 452."

Es cierto que al final de la opinión en *Pueblo* v. *Alvarez*, 57 D.P.R. 770, donde se trataba de dos acusaciones de atentado a la vida que fueron sobreseídas con arreglo al artículo 448 del Código de Enjuiciamiento Criminal y sustituídas por otras dos por los mismos delitos y el acusado, en cada caso, convicto de acometimiento y agresión con circunstancias agravantes, se encuentra el siguiente párrafo invocado por el fiscal:

"El artículo 452 supra no se refiere al delito cometido, sino al delito imputado en la acusación, y es a la acusación y no al veredicto, o sentencia en casos vistos por tribunal de derecho, donde debe recurrirse para determinar si es o no aplicable la prohibición de nuevo proceso contenida en el artículo 452 supra."

Sin duda, ese párrafo, considerado aisladamente, sostiene la proposición del fiscal. Pero reiteradamente hemos dicho que el lenguaje de una opinión debe siempre interpretarse a la luz de los hechos del caso que lo motivó y en conexión con toda la opinión. Y la emitida en dicho caso, entre otras cosas, dice:

"No consta de los autos el texto de las dos acusaciones que fueron anteriormente sobreseídas, pero sí aparece que eran por un delito de atentado a la vida, delito que nuestro Código Penal califica de *felony*. Siendo ello así, al sobreseerse dichas acusaciones, el artículo 452 citado no impide que puedan presentarse nuevas acusaciones contra el acusado por los mismos delitos. El hecho de que el jurado declarase culpable al acusado de acometimiento y agresión con circunstancias agravantes en ambos casos, no varía la calificación del delito imputado en las acusaciones archivadas. El acusado fué procesado por dos delitos de atentado a la vida (*felony*) y esos procesos fueron los que se archivaron de acuerdo con el artículo 448 del Código de Enjuiciamiento Criminal; y siendo ello así, su sobreseimiento no impidió la formación de otro proceso por el mismo delito, pues como hemos visto las acusaciones sobreseídas se referían a delitos *felony* y no *misdemeanor*."

Considerados, a la luz de los hechos del caso, el párrafo primeramente transcrito y el copiado después, parece claro que la naturaleza de los delitos imputados en dichas acusaciones originales y la de aquéllas que las sustituyeron—en unas y otras se imputaban delitos *felonies*—y no el veredicto de culpable de *misdemeanor*, era la determinante de la aplicación del impedimento prescrito por el artículo 452 del Código de Enjuiciamiento Criminal.

No vemos qué justificación podríamos tener para adoptar la doctrina de los tres casos de California, los cuales, con la mayor deferencia, no nos han convencido de que el impedimento del artículo 452 se aplica exclusivamente a los sobreseimientos decretados en conformidad con el artículo 448 del Código de Enjuiciamiento Criminal.

■■ No se entienda que el fiscal no podía radicar una acusación por asesinato después de sobreseída la que había

presentado por homicidio involuntario. Esa facultad la tenía. Lo que prohibe el artículo 452 es que sobreseída una acusación en que se imputa un delito *misdemeanor*—ya se decrete el sobreseimiento a virtud del artículo 448, ya por la autoridad del 451—se radique otra por los mismos hechos imputando un delito *misdemeanor*. En cambio no prohibe el artículo 452 que sobreseída una acusación por un delito *misdemeanor* pueda radicarse otra por los mismos hechos imputando un delito *felony*. Pero, naturalmente, si archivada una acusación por *misdemeanor* se instituye otra por los mismos hechos imputando un *felony*, y la convicción es por un delito *misdemeanor*, como el delito cometido es un *misdemeanor* y la acusación sobreseída imputaba un *misdemeanor*, si en tales condiciones se dicta sentencia contra la acusada, de un modo indirecto se lograría lo que no podría hacerse directamente por prohibirlo de manera expresa el artículo 452. Por esa razón, al decretarse el sobreseimiento de una acusación que imputaba un *misdemeanor*, si el fiscal opta por radicar una acusación por los mismos hechos imputando un delito *felony*, asume el riesgo,(⁷) como sucede en este caso, que el acusado resulte convicto de un delito *misdemeanor;* y como la acusación sobreseída imputaba un *misdemeanor* y el delito cometido fué *misdemeanor*, hay que absolver al acusado a virtud del impedimento del artículo 452. No sucede lo mismo cuando el delito imputado en la acusación sobreseída es un *misdemeanor*, se radica una acusación por un delito *felony* y la convicción es por un delito *felony*. En ese evento, no entra en función el artículo 452.

*Procede revocar la sentencia y absolver a la acusada.*

El Juez Asociado Sr. Negrón Fernández disintió.

---

(⁷) Ese riesgo no existe cuando se trata de sobreseimientos con arreglo al artículo 157 del Código de Enjuiciamiento Criminal, pues como dijimos en *Pueblo* v. *Calero*, 68 D.P.R. 316, el artículo 452 es de aplicación solamente a los sobreseimientos decretados con arreglo a los artículos 448 y 451 de aquél Código.