EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GEORGINA MALDONADO TORRES, acusada y apelante.

Número 15660.

*Sometido:* 1 de noviembre de 1954. *Resuelto:* 17 de diciembre de 1954.

*Héctor Lugo Bougal,* abogado de la apelante; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal Interino, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

En 22 de diciembre de 1952 un fiscal de distrito formuló acusación contra Georgina Maldonado Torres por el delito de

atentado a la vida. Esa acusación fué archivada, sin embargo, debido al hecho de que la misma no se había presentado dentro de los 60 días siguientes a su detención. (¹) En 19 de enero de 1953 el fiscal presentó contra ella nueva acusación por el mismo delito.

Celebrado el juicio correspondiente, el jurado que conoció del caso rindió veredicto declarando a la acusada culpable de acometimiento y agresión grave. Antes de que se dictara sentencia, ella presentó una "moción sobre suspensión de sentencia" (*in arrest of judgment*) y la misma fué declarada sin lugar. No conforme apeló para ante nos. El único error que señala en apelación es que el tribunal sentenciador erró al declarar sin lugar su moción, toda vez que habiéndose archivado anteriormente la causa criminal que contra ella se seguía y habiéndose rendido un veredicto por delito menos grave, el tribunal carecía de jurisdicción para dictar sentencia en su contra.

 El art. 452 del Código de Enjuiciamiento Criminal —de acuerdo con el cual el fiscal formuló la segunda acusación por atentado a la vida, que es un delito grave—dispone lo siguiente:

"Un auto para el sobreseimiento de una causa, según lo prescrito en este capítulo, imposibilita la formación de otro proceso por el mismo delito, si éste es un *'misdemeanor'* (delito menos grave) ; pero no así cuando el delito es un *'felony'* (delito muy grave)."

El caso de *Pueblo* v. *Álvarez*, 57 D.P.R. 770, resulta ser en sus hechos idéntico al presente. Según se desprende de la opinión emitida, Álvarez fué acusado de dos delitos de atentado a la vida, pero por haberse radicado las acusaciones des-

---

(¹) El art. 448 del Código de Enjuiciamiento Criminal dispone en lo pertinente que:

"A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1. Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención.

"........................................."

pués de los 60 días de verificado el arresto, a instancias suyas el tribunal ordenó que las mismas fuesen sobreseídas. El fiscal presentó dos nuevas acusaciones por idénticos delitos. Declarada sin lugar cierta cuestión de derecho planteada, se celebraron dos juicios separados y el jurado declaró culpable al acusado en cada caso de acometimiento y agresión con circunstancias agravantes. Se solicitó el archivo y sobreseimiento de los procesos, invocándose para ello lo dispuesto por el art. 452 supra. El tribunal inferior declaró sin lugar la moción. En apelación dijimos que atentado a la vida es calificado por el Código Penal de delito grave; que (pág. 773) "el hecho de que el jurado declarase culpable al acusado de acometimiento y agresión con circunstancias agravantes en ambos casos, no varía la calificación del delito imputado en las acusaciones archivadas," y que "el artículo 452 supra no se refiere al delito cometido, sino al delito imputado en la acusación, y es a la acusación y no al veredicto, o sentencia en casos vistos por el tribunal de derecho, donde debe recurrirse para determinar si es o no aplicable la prohibición de nuevo proceso contenida en el artículo 452 supra." La conclusión a que en ese caso se llega y las palabras que aparecen entre comillas están enteramente equivocadas. En *Pueblo* v. *García*, 71 D.P.R. 227, tratamos de aclarar la situación. Como posiblemente no lo logramos a cabalidad, para una mejor comprensión del problema creemos oportuno indicar ahora que si la acusación formulada lo es por un delito grave, es incuestionable que archivada la misma por alguno de los motivos enunciados en el capítulo en que figuran los artículos 448 y 452 antes mencionados, el fiscal está plenamente autorizado para formular nueva acusación por delito grave—*Falero* v. *Corte*, 39 D.P.R. 472; *Pueblo* v. *Barbosa*, 34 D.P.R. 112; *Pueblo* v. *Felicié*, 31 D.P.R. 513—que si la acusación formulada lo es por un delito menos grave y ésta es archivada a virtud de las disposiciones de cualquiera de los artículos citados, los preceptos del 452 no impiden que el fiscal formule nueva acusación por un delito grave;—*Pueblo* v. *García*, supra; *People* v.

*Brown*, 42 Cal. App. 462—que en este último caso el fiscal corre el riesgo de que si el veredicto se rinde o la sentencia se dicta por un delito menos grave, el tribunal carezca de potestad para sentenciar al acusado;—*Pueblo* v. *García*, supra—y que cuando, como ocurre en el presente caso, la acusación originalmente formulada lo es por un delito grave y luego de ser archivada la misma a tenor de las disposiciones de los artículos citados, el fiscal formula nueva acusación por el mismo delito o por otro delito grave—cosa que claramente está autorizado a hacer por el art. 452 supra—si el veredicto que se rinde o la sentencia que se dicta lo es por un delito menos grave, el tribunal deberá exonerar al acusado. Ése es el criterio a que nos lleva el nuevo estudio que de la cuestión hemos hecho. El mismo se ajusta a la letra y al espíritu del art. 452.

No creemos que ese artículo se refiera al delito imputado en la acusación. Su contexto no da base para semejante conclusión. El mismo dispone de manera paladina que el archivo de una causa "imposibilita la formación de otro proceso por el mismo delito *si éste es un 'misdemeanor'* . . . ; pero no así *cuando el delito es un 'felony'* . . ." (Bastardillas nuestras.) En modo alguno se refiere ese artículo al delito imputado. El artículo usa repetidamente el verbo "ser" y el uso de ese verbo no puede significar "el delito imputado en la acusación." Tiene necesariamente que referirse al delito cometido. En el propio caso de *Pueblo* v. *García*, supra, este Tribunal reconoce que (pág. 228) "es incuestionable que no obstante haberse enjuiciado a la acusada por un delito de asesinato, el veredicto dejó establecido que *el delito por ella cometido fué el de homicidio involuntario*." (Bastardillas nuestras.) Esto claramente significa que el delito cometido *es* en verdad aquél por el cual el jurado rinde veredicto o por el que el tribunal dicta sentencia. El nombre no hace la cosa. *Cf. Roosevelt* v. *Corte*, 42 D.P.R. 836, 838. El hecho de que el fiscal calificara de delito grave un conjunto de hechos que a la postre resultaron ser un *misdemeanor*, no altera la

642

realidad de que el delito efectivamente cometido lo *fué* uno menos grave. Acometimiento y agresión grave es un delito de esta naturaleza. Ley de 10 de marzo de 1904, pág. 41, y art. 14 del Código Penal. Como la acusación originalmente presentada (no importa que lo fuera por un delito grave) quedó archivada y se rindió veredicto por un delito menos grave, el art. 452 del Código de Enjuiciamiento Criminal entra de lleno en juego e impide que se dicte sentencia condenatoria.

El caso de *Pueblo* v. *Álvarez*, supra, queda expresamente revocado. También queda revocado el caso de *Pueblo* v. *Pagán*, 23 D.P.R. 828, en el cual, copiando del sumario, dijimos:

"Cuando una acusación por delito grave (*felony*) es sobreseída y archivada a petición del Fiscal, puede presentarse nueva acusación por delito menos grave (*misdemeanor*) por no impedirlo el artículo 452 del Código de Enjuiciamiento Criminal."

*Debe revocarse la sentencia apelada y absolverse a la acusada.*