El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Pablo Serrano, acusado y apelante.

Núm. 8276.—*Sometido:* Julio 15, 1940. *Resuelto:* Julio 26, 1940.

E. *Pérez Casalduc,* abogado del apelante; R. A. *Gómez, Fiscal,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

En la denuncia se imputaba un delito de acometimiento grave, cometido de la manera siguiente:

"...el mencionado acusado, Juan Pablo Serrano, allí y entonces, ilegal y maliciosamente y con la intención de causar al denunciante daño corporal a su persona, le acometió, alzando o levantando contra él un machete, que es un arma mortífera."

El acusado fué convicto de una alteración de la paz.

El artículo 286 del Código de Enjuiciamiento Criminal (ed. 1935) dispone:

"(Enmendado según la Ley Núm. 22 de 11 de marzo de 1913, pág. 65.) El jurado podrá declarar al acusado culpable de la comisión de cualquier delito necesariamente comprendido en el delito imputádole, o de tentativa de cometerlo.

"Bajo una acusación por el delito de mutilación, el jurado podrá declarar culpable al acusado de un delito de acometimiento y agresión con circunstancias agravantes, o de acometimiento y agresión simple, siempre que se hubiere probado en el juicio que el agredido no ha quedado inutilizado en algún miembro importante de su cuerpo."

Véase también 27 Am. Jur. 738, secciones 193, 194 y Abbott Criminal Trial Practice, sección 454.

El artículo 368 del Código Penal (ed. 1937) lee así:

"Toda persona que maliciosa y voluntariamente perturbare la paz o tranquilidad de algún vecindario o individuo, con fuertes e inusitados gritos, conducta tumultuosa y ofensiva, o amenazas, vituperios, riñas, desafíos o provocaciones, o que en las calles de alguna ciudad o pueblo, o en las vías públicas disparare algún arma de fuego, o hiciere uso de lenguaje grosero, profano o indecoroso en presencia o al alcance del oído de mujeres o niños, en forma estrepitosa o inconveniente, incurrirá en *misdemeanor* y será castigada con multa máxima de doscientos dólares, o cárcel por un término máximo de noventa días o ambas penas, a discreción del tribunal."

Una alteración de la paz no estaba "necesariamente comprendida" dentro del delito que se le imputó al acusado.

*La sentencia apelada debe ser revocada.*

El Juez Asociado Sr. Wolf disintió.*

El Juez Asociado Sr. De Jesús no intervino.

---

* NOTA: Véase el prefacio.