**El Pueblo de Puerto Rico, demandante y apelado, v. Ricardo Castro, acusado y apelante.**

Núm. 9679.—*Sometido:* Noviembre 10, 1942. *Resuelto:* Noviembre 30, 1942.

*P. Pérez Pimentel y M. Velázquez Flores,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La cuestión a resolver en este caso es la de si el jurado pudo declarar como declaró culpable de alterar la paz a una persona acusada de atentado a la vida.

Los hechos ocurrieron como sigue: El Fiscal de Distrito de Humacao formuló acusación contra Ricardo Castro imputándole la comisión de un delito de atentado a la vida consistente en haber disparado un revólver contra José E. Martín Aponte con malicia premeditada y propósito firme y deliberado de matarlo.

El acusado alegó que era inocente y solicitó juicio por jurado. Llamada la causa para vista y practicada la prueba, el juez, en sus instrucciones, se expresó, en parte, como sigue:

"En este caso la corte va a dar instrucciones a los señores del jurado porque las considera pertinentes, de alteración de la paz. De la prueba aparece que este ciudadano, dentro de la prueba de El Pueblo, no de la defensa, ese día, armado de un revólver, hacía ciertos disparos y mostraba esa arma a ciertas personas. La corte va a dar intsrucciones sobre alteración de la paz.

"Toda persona que sin ser un caso de necesaria defensa propia, sacare o mostrare en presencia de dos o más personas, algún arma mortífera, en actitud violenta, colérica y amenazadora, o que de modo ilegal hiciere uso de dicha arma en alguna riña o pendencia, incurrirá en *misdemeanor*. Esa es una de las modalidades del delito de alteración de la paz, en relación con armas. Otras de las modalidades son las siguientes: . . ."

La defensa tomó excepción específica a la transcrita instrucción. El jurado se retiró a deliberar y volvió con un veredicto de culpable de alteración de la paz.

Y de conformidad con el veredicto, la corte dictó sentencia imponiendo al acusado sesenta días de cárcel y cien dólares de multa, sin costas.

El acusado apeló y señala como errores cometidos por la corte la trasmisión de su instrucción al jurado sobre el delito de alterar la paz, la aceptación del veredicto y el pronunciamiento de su sentencia. El fiscal de este tribunal sostuvo en su informe que la sentencia debe revocarse y absolverse al acusado.

El artículo 286 del Código de Enjuiciamiento Criminal (ed. 1935), prescribe que el jurado podrá declarar al acusado culpable de la comisión de cualquier delito necesariamente comprendido en el delito imputádole, o de tentativa de cometerlo.

Aplicando esa regla esta corte, en el caso del *Pueblo* v. *Serrano,* 57 D.P.R. 498, resolvió que "bajo una denuncia que imputa el delito de acometimiento grave, al acusado no puede

declarársele culpable de una alteración de la paz. Este último delito no está necesariamente comprendido en el primero.''

El caso guarda estrecha relación con éste que estamos considerando.

El atentado a la vida es, como el acometimiento grave, un delito contra la persona de los que prevé y castiga en su título doce el Código Penal—el atentado de que aquí se trata en el artículo 218 y el acometimiento grave, base de la causa en *Pueblo* v. *Serrano,* supra, en la ley del 10 de marzo de 1904, página 41, que sustituyó al artículo 237 de dicho cuerpo legal—mientras que el delito de perturbación de la paz previsto y castigado en el artículo 368 del Código Penal que forma parte de su título quince, lo es esencialmente ''contra la paz pública.'' La naturaleza de los dos primeros y la del último es distinta. Puede que algunos de sus elementos sean los mismos, pero no cabe sostener que el de alteración de la paz esté ''necesariamente comprendido'' en el de atentado a la vida que se imputó al acusado.

Para un estudio más amplio de la cuestión, véanse 27 Am. Jur., *Indictments and Informations,* §§ 193 y 194, y la nota al caso de *Watson* v. *State,* 116 Ga. 607, en 21 L.R.A. (N.S.) 1.

*Debe declararse el recurso con lugar, revocarse la sentencia apelada y absolverse al acusado.*

El Juez Asociado Sr. Snyder no intervino.