EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO DÍAZ CONTE, acusado y apelante.

Núm. 10,484.—*Sometido:* Julio 8, 1944. *Resuelto:* Julio 18, 1944.

---

*Francisco García Quiñones,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué acusado de un delito de ataque para cometer violación. Celebrada la vista del caso ante un jurado, éste declaró al acusado culpable y la corte inferior, después de declarar sin lugar una moción de nuevo juicio, le condenó a dos años de presidio con trabajos forzados. No estuvo conforme el acusado y apeló de la orden denegatoria del nuevo juicio y de la sentencia.

En apoyo de su recurso el apelante alega que la corte sentenciadora erró al declarar sin lugar la moción de archivo y sobreseimiento de la causa; al denegar la moción para la absolución perentoria del acusado; al negarse a dar instrucciones al jurado sobre el delito de acometimiento y agresión; al admitir el testimonio del alcaide de la cárcel de distrito de San Juan para impugnar la credibilidad de la testigo Isabel Román de Baello; y al negarse a conceder la celebración de un nuevo juicio. Sostiene, además, que el veredicto es contrario a la prueba y que el jurado actuó con prejuicio, pasión y parcialidad al apreciar la evidencia.

■■ De los autos aparece que la acusación fué radicada ante la Corte de Distrito de San Juan el día 12 de noviembre de 1942 y leída al acusado el 4 de diciembre del mismo año. Del récord no aparece la fecha en que se hiciera el señalamiento del caso para juicio. Sí aparece que el caso fué llamado para juicio el día 13 de octubre de 1943, o sea a los once meses y un día desde la fecha en que se radicó la acusación, cuando ya había transcurrido con exceso el término de 120 días fijado por el párrafo 2 del artículo 448 del Código de Enjuiciamiento Criminal.

De la transcripción de evidencia aparece que al ser llamado el caso para vista, el acusado compareció en persona y asistido de su abogado. Entonces ocurrió el siguiente incidente:

"Sr. Juez: ¿Están listas las partes?

"Fiscal: Estamos listos, señor Juez.

"Defensa: En este caso nosotros íbamos a solicitar de la corte el archivo y sobreseimiento de esta acusación. Este caso data desde el mes de noviembre de 1942 y el mismo ha sido suspendido en repetidas ocasiones. . . . .

"Sr. Juez: La última vez que se suspendió fué porque no compareció una señora que hay ahí de testigo.

"Defensa: Y se ha venido suspendiendo por incomparecencia de la prueba del Pueblo. Nosotros vamos respetuosamente a solicitar el archivo y sobreseimiento del caso.

"Sr. Juez: La corte deniega la moción de archivo y sobreseimiento.

"Defensa: Tomamos excepción de la resolución de la corte."

El artículo 448 del Código de Enjuiciamiento Criminal dispone, que "a menos que exista justa causa contraria" el tribunal decretará el sobreseimiento del proceso cuando un acusado, cuyo juicio no ha sido transferido a petición suya, no sea sometido a juicio en el término de 120 días, a contar desde la presentación de la acusación.

Cuando la moción de sobreseimiento es presentada oportunamente, es al fiscal a quien incumbe probar que el juicio fué transferido a petición del acusado o que existió justa causa para privar al acusado de su derecho al juicio rápido que le garantiza el párrafo 2 del artículo 2 de la Ley Orgánica.

En el caso de *Pueblo* v. *Díaz,* 60 D.P.R. 540, esta Corte Suprema, después de revisar la jurisprudencia anterior interpretativa del artículo 448 del Código de Enjuiciamiento Criminal, mantuvo en pie la regla sentada en *Pueblo* v. *Ayala,* 19 D.P.R. 936 y derogó toda la jurisprudencia anterior, en tanto en cuanto la misma se oponga a dicha regla, que es la siguiente:

"Es cierto que generalmente las mociones deben presentarse en el acto de la lectura de la acusación o mejor todavía, inmediatamente después que vence el término fijado por la ley para la presentación de la acusación o la celebración del juicio, *pero el demorar la presentación de su moción no quiere decir que el acusado pierda el derecho a presentarla en cualquier momento antes de la vista del caso.* (Bastardillas nuestras.)

En el caso de autos, el término de 120 días, contados desde el 12 de noviembre de 1942, fecha de presentación de la acusación, expiró el día 12 de marzo de 1943. Desde esa fecha, hasta el día 13 de octubre de 1943, fecha señalada para la celebración del juicio, el acusado tuvo 215 días dentro de los cuales pudo haber radicado su moción de sobreseimiento, dando así una oportunidad al fiscal de probar, si era posible hacerlo, que el juicio había sido transferido a petición del

.acusado o que había existido justa causa para que el juicio no pudiera celebrarse dentro del término fijado por el estatuto. El acusado dejó transcurrir los 215 días sin tomar acción alguna para solicitar el sobreseimiento de la causa y aguardó para formular su moción hasta después de haber sido llamado el caso para juicio y de haber anunciado el fiscal que estaba listo para celebrarlo. El acusado no cumplió con los requisitos de la regla. Su moción fué presentada tardíamente, cuando el caso había sido llamado para juicio y cuando el fiscal no tenía ni la oportunidad ni los medios de prueba necesarios para poder hacer frente a la moción. Esta Corte no puede dar su aprobación a la práctica de aguardar hasta que el caso sea llamado para juicio para solicitar el sobreseimiento. El fiscal debe tener una oportunidad razonable para enterarse de los términos de la moción y preparar la prueba de que pueda disponer para demostrar que hubo justa causa para la dilación. No erró, pues, la corte inferior al declarar sin lugar la moción de sobreseimiento.

■ El segundo y el quinto señalamientos están relacionados con la suficiencia de la evidencia. Sostiene el apelante que siendo la evidencia insuficiente para sostener la acusación, la corte inferior erró al no ordenar la absolución perentoria del acusado. Por el mismo fundamento alega que el veredicto es contrario a la prueba y demostrativo de que el jurado actuó con pasión, prejuicio y parcialidad.

La prueba de cargo puede resumirse así:

En la noche de autos, la joven Ernestina Falcón, vecina de Río Piedras, soltera, de 23 años de edad, y su amiga Ramona Ríos Montalvo, vecina de Santurce, divorciada, se encontraban de paseo por la parada 22 de Santurce. Encontrándose las dos bajo la marquesina de una tienda para guarecerse de la lluvia, se acercaron a ellas dos marinos hablándoles en inglés, idioma que ellas desconocen. En ese momento, el acusado, que se encontraba en aquel mismo sitio, intervino en la conversación para explicar a las jóvenes lo que decían los marinos. Entablada así la conversación entre

las dos jóvenes y el acusado, éste las invitó a ir a la parada 24½ para tomar una coca-cola. Después de tomar la coca-cola, los marinos se marcharon, quedándose el acusado con las dos jóvenes. Ernestina quería irse para su casa, pero como llovía muy fuerte en ese momento el acusado les propuso que fueran a la casa de él, en donde las presentaría a su mamá y a su esposa e hijas. Fueron ambas con el acusado a la casa de éste en Sunoco, notando al llegar allí que en la casa no había nadie. El acusado tan pronto como ambas hubieron entrado cerró la puerta, y al gritar Ernestina, diciéndole que la dejara salir, el acusado la amenazó con darles dos *gaznatás* si volvía a gritar. Entonces el acusado, teniendo en su mano una navaja Gem, le dijo a Ernestina que si no se acostaba con él le cortaría la cara. Declaró Ernestina que ella no se atrevía a gritar por el temor de que él le cortara la cara; que el acusado insistía en que ella se desnudara y que al negarse ella a hacerlo él la empujó a la cama y le dió un puñetazo en un muslo; que entonces le dió a ella un desmayo; que en ese momento su amiga Ramona Ríos intervino, diciéndole al acusado: "Mire, haga el favor, ésa es una señorita. Lo que usted quiere hacer con ella hágalo conmigo"; que el acusado siguió en sus esfuerzos para tener contacto carnal con ella, tocándole y besándole los muslos, sin que ella consintiera; que el acusado realizó el acto carnal con Ramona, quien se vió obligada a ello para que Ernestina no tuviera que hacerlo, pero por la mañana el acusado volvió a insistir otra vez para realizar el acto con Ernestina y entonces Ramona tuvo que quedarse con él para que él dejara a Ernestina marcharse a su casa. Declaró también Ernestina que mientras realizaba esos actos el acusado se encontraba completamente desnudo y en condiciones para poder realizar su propósito de violarla.

La declaración de Ramona Ríos corroboró en todos los hechos esenciales lo declarado por Ernestina Falcón, insistiendo en que ella se vió obligada a entregarse al acusado para salvar a su amiga. Declaró además que el acusado realizó

el acto carnal tres veces y que ella quedó encinta, dando a luz un niño, hijo del acusado.

La prueba de la defensa tendió a probar que el acusado y las dos muchachas habían tomado licor durante el tiempo que pasaron los tres en casa del acusado; y que los vecinos que tenían sus habitaciones cerca de la del acusado no habían sentido ruido ni gritos durante toda esa noche.

El jurado, que vió y oyó declarar a las dos jóvenes perjudicadas, dió entero crédito a sus declaraciones. Éstas son, fuera de toda duda, suficientes para justificar el veredicto de culpabilidad rendido por el jurado. Y no apareciendo en manera alguna justificada la imputación de pasión, prejuicio y parcialidad, estamos obligados a respetar el veredicto. No erró, pues, la corte inferior al negarse a decretar la absolución perentoria del acusado.

 Hemos examinado las instrucciones dadas por la corte al jurado y las encontramos ajustadas a la ley. Es cierto que la corte no instruyó al jurado específicamente en cuanto al delito de acometimiento y agresión, pero no es menos cierto que las instrucciones fueron trasmitidas al jurado en presencia del acusado y de su abogado defensor. Pudo este último solicitar una instrucción específica en cuanto al acometimiento y agresión y no lo hizo. Aceptó las instrucciones en la forma en que fueron dadas por la corte, sin formular objeción alguna en cuanto a su suficiencia y sin pedir que las mismas fueran ampliadas. No es justo que se le permita levantar esa cuestión sin haber dado a la corte inferior oportunidad de corregir su error, si alguno se hubiere cometido. Además, opinamos que de haberse cometido, en nada pudo perjudicar al acusado por ser la prueba ampliamente suficiente para justificar el veredicto.

Toda la evidencia aducida por el fiscal demostró que el acusado atacó a la joven con el solo propósito de violarla o sea de tener contacto carnal con ella, usando como medios para vencer su resistencia la violencia y las amenazas. El único veredicto compatible con esa prueba era el que fué

rendido por el jurado. Bajo tales circunstancias, la instrucción sobre el acometimiento y agresión hubiera sido improcedente.

■ El incidente que sirve de base al cuarto señalamiento es el siguiente:

La última testigo presentada por la defensa declaró que durante los últimos dos años y medio ella había conocido al acusado viviendo siempre en la misma casa en que ocurrieron los hechos. El fiscal anunció que se proponía impugnar la declaración de dicha testigo con la del alcaide de la cárcel de San Juan. Entonces tuvo lugar el siguiente diálogo:

"Sr. Juez: El compañero ha estipulado algo con el fiscal a ese efecto.

"Defensa: Sr. Juez, nosotros consideramos que eso no tiene importancia alguna y que es hasta inadmisible, pero queremos ganar tiempo. Nosotros estipulamos que este ciudadano desde el mes de septiembre del año 1940 hasta el mes de agosto de 1941 estuvo en la Cárcel Municipal de aquí.

"Fiscal: Y que empezó a cumplir en el mes de septiembre de 1940.

"Defensa: El término de un año de cárcel.

"Fiscal: Está bien. Y con esa prueba de *rebuttal* cerramos el caso."

No puede ahora quejarse el apelante del efecto que en la mente del jurado haya podido producir su propia estipulación. La corte, al dar sus instrucciones al jurado, protegió al acusado haciendo constar que el hecho de que el acusado hubiese estado diez meses en la cárcel nada tenía que ver con el delito que se le imputaba.

Consideradas todas las circunstancias del caso, no erró la corte inferior al declarar sin lugar la moción para la concesión de un nuevo juicio.

*La sentencia recurrida debe ser confirmada.*