El Pueblo de Puerto Rico, demandante y apelado, *v.* Pablo Pérez Figueroa, acusado y apelante. El Mismo v. El Mismo. El Mismo v. El Mismo.

Núms. 11184, 11185 y 11186.—*Sometidos:* Febrero 7, 1946. *Resueltos:* Febrero 13, 1946.

*Néstor A. Rodríguez Escudero,* abogado del apelante; *Hon. Procurador General E. Campos del Toro, Luis Negrón Fernández, Procurador General Auxiliar,* y *J. Rivera Barreras,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante fué acusado de los delitos de Ataque Para Cometer Asesinato, Portar Armas e Inf. a la Ley Sobre Registro de Armas de Fuego. Los tres casos fueron vistos conjuntamente el mismo día. Una vez que el jurado se retiró a deliberar, la corte oyó la prueba adicional necesaria en relación con el caso de Infracción a la Ley Sobre

Registro de Armas de Fuego y luego que el jurado trajo un veredicto declarando al apelante culpable de ataque para cometer homicidio, la corte, por los méritos de la prueba, declaró al apelante culpable de los dos *misdemeanors* que se le imputaban. Contra las tres sentencias recaídas estableció el presente recurso. Señala varios supuestos errores como base para la revocación de las sentencias, pero de todos ellos el único que merece alguna consideración es si la corte, dentro de las circunstancias de este caso, erró al no dar al jurado instrucciones sobre el delito de acometimiento y agresión con circunstancias agravantes. Para que pueda considerarse como error que produzca revocación el no haber dado instrucciones sobre acometimiento y agresión con circunstancias agravantes, en un caso como el de ataque para cometer asesinato que incluye el delito menor de acometimiento y agresión con circunstancias agravantes, es indispensable el concurso de dos circunstancias, a saber: (1) que de la prueba surja que hay la base necesaria para dar la instrucción, *People* v. *Arnold,* 48 Pac. 803 (Cal. 1897); y (2) que se haya solicitado esa instrucción y la corte haya rehusado transmitirla. *People* v. *Arnold,* supra, y *Pueblo* v. *Díaz,* 63 D.P.R. 987.

En el presente caso no existió base alguna para transmitir instrucciones sobre el delito de acometimiento y agresión con circunstancias agravantes, puesto que la evidencia de El Pueblo tendió a probar, por lo menos, un delito de ataque para cometer homicidio, mientras que la del acusado tendió a probar que la agresión fué causada por el propio perjudicado, quien sacó el revólver para atacar al apelante, estableciéndose una lucha entre ellos forcejeando el apelante para evitar la agresión y en esa lucha se le escapó un tiro al perjudicado recibiendo una herida de bala. Pero en el supuesto de que la evidencia pudiese dar base para una instrucción de acometimiento y agresión grave, lo cual negamos,

no hubiera sido error capaz de producir revocación el no haberse dado la instrucción, puesto que no fué solicitada por el apelante.

Como dijéramos anteriormente, los otros errores señalados son tan carentes de mérito, que no requieren discusión.

*Procede, por lo expuesto, confirmar las tres sentencias apeladas.*