EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
SANTIAGO DÍAZ RODRÍGUEZ, acusado y apelante.

Núm. 11597.—*Sometido:* Noviembre 7, 1946. *Resuelto:* Diciembre 9, 1946.

*Juan B. Soto,* abogado del apelante; *Hon. Procurador General Interino Luis Negrón Fernández* y *J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Santiago Díaz Rodríguez, acusado de un delito de atentado a la vida y convicto de acometimiento y agresión con circunstancias agravantes, fué sentenciado a un año de cárcel y apeló para ante este Tribunal, basando su recurso en cinco señalamientos de error, de los cuales discutiremos solamente los dos primeros.

■■ Sostiene el apelante que la corte inferior erró al no instruir al jurado en cuanto a lo que constituye un arma mortífera en el sentido legal, limitándose a decirle que el jurado debe determinar si el arma era mortífera o no.

En la acusación se alega y la prueba así lo sostiene, que el acusado acometió y agredió a Víctor Rivera con un cuchillo, infiriéndole varias heridas graves. Una de ellas había seccionado el lóbulo inferior de la oreja izquierda; y otra, en medio de la región cervical, tenía unas tres pulgadas de largo y un cuarto de pulgada de profundidad. El cuchillo era el mismo que usaba el acusado en su negocio de matar cerdos y venta de chicharrones y los llamados "cuchifritos".

El apelante cita en apoyo de su contención la siguiente regla:

"El jurado debe ser correctamente instruído en cuanto a la naturaleza, elementos e ingredientes del delito. . . . La Corte debería también definir y explicar el significado de estos varios términos, cuando fuere necesario. En el juicio de un acometimiento y agresión con un arma mortífera o peligrosa, la corte debería definir el significado de estos términos, a menos que el instrumento lo sea *per se* o como cuestión de derecho." (5 C.J. 797, párr. 346.)

Hemos leído cuidadosamente las instrucciones de la corte inferior en cuanto al delito de acometimiento y agresión con circunstancias agravantes y encontramos que en ellas se sigue sustancialmente el lenguaje del estatuto. El artículo 237 del Código Penal (Ley de marzo 10, 1904, pág. 41) dispone en su párrafo 6 (sección 6 de esta Ley), que todo acometimiento y agresión será considerado con circunstancias agravantes: "7. Cuando se infiere una herida grave a la persona agredida" y "8. Cuando se cometiere con armas mortíferas en circunstancias que no revistiesen la intención de matar o mutilar".

La evidencia demostró que el cuchillo con el cual se agredió a Rivera era un arma mortífera per se o sea un arma que

podía ocasionar la muerte o producir grave daño corporal. *Pueblo* v. *Rivas,* 16 D.P.R. 611; *Pueblo* v. *Oriols,* 27 D.P.R. 208 y *Pueblo* v. *Chardón,* 44 D.P.R. 529. Si algún error cometió la corte sentenciadora fué el de no haber resuelto como cuestión de derecho que el arma empleada por el agresor era mortífera per se. La corte prefirió dejar al jurado la determinación de si el arma era mortífera o capaz de producir grave daño corporal y de eso no puede quejarse el acusado apelante.

■■ Al instruir al jurado en cuanto a la alegada defensa propia, la corte sentenciadora se expresó así:

"La ley es al efecto que una persona que se ve agredida por otra, tiene el derecho a ejercitar tanta fuerza como sea posible para repeler la agresión. La ley no autoriza la inflicción de mayor daño que el necesario para repeler la agresión. *De ahí que una agresión con las manos no justifique a una persona más débil recurrir a armas mortíferas capaces de matar o mutilar.*"

Arguye el apelante que la precedente instrucción es errónea en cuanto a las palabras que aparecen en bastardillas, "porque la diferencia de edad, salud y fuerza puede hacer que una bofetada dada por un hombre a otro, cause al último grave daño personal y aun la muerte."

Aun cuando la referida instrucción no es técnicamente correcta, el error no pudo en manera alguna perjudicar al acusado. El uso de armas mortíferas para rechazar una simple agresión no está ordinariamente justificado, pero pudiera suceder que el uso de tal arma fuese necesario para impedir un daño inminente, como cuando existe una gran disparidad entre la fuerza física de las partes. 5 C. J. 748, párr. 235. De la evidencia presentada en el juicio no aparece que el agredido Víctor Rivera fuese físicamente más fuerte que su agresor, el acusado. La prueba de cargo, creída por el jurado, demuestra que fué el acusado quien provocó el encuentro al dar una bofetada a Rivera; y que el acusado

persiguió a Rivera, cuando éste trataba de huir, agrediéndole con el cuchillo. No se ofreció prueba alguna tendiente a demostrar que Rivera tuviese arma alguna con la cual hubiese podido causar daño corporal al acusado. Véase: *Pueblo* v. *Sutton,* 17 D.P.R. 345.

Los señalamientos restantes carecen de méritos y, por tanto, nos abstendremos de discutirlos. Solamente diremos en cuanto al quinto, que a nuestro juicio la corte inferior no abusó de su discreción al imponer la pena de un año de cárcel, la que dada la gravedad de los hechos consideramos razonable.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. Snyder no intervino.