El Pueblo de Puerto ·Rico, demandante y apelado, *v.* Miguel Ángel Fernández Vázquez, acusado·y· apelante.

Número 15363.
*Sometido:* 1 de abril de 1953. *Resuelto:* 25 de mayo de 1954.

*Mario Báez García,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y J. *Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez ·Asociado Señor Belaval emitió la opinión del tribunal.

El señor Fiscal del anterior Tribunal de Distrito de Puerto Rico, Sección de Mayagüez, formuló acusación contra el acusado señor Miguel Fernández Vázquez, por un delito de atentado a la vida, cometido de la manera siguiente: "el referido acusado Miguel Ángel Fernández Vázquez, allá en o por el día 4 de junio de 1951, y en Mayagüez, Puerto Rico,

que forma parte del Distrito Judicial de Puerto Rico, ilegal, voluntaria y criminalmente, con malicia, premeditación y deliberación y propósito firme y decidido de darle muerte ilegal, demostrando tener un corazón pervertido y maligno, acometió y agredió con un cuchillo, que es un arma mortífera, al ser humano Paquita Mercado Morales, infiriéndole heridas de cuchillo de carácter grave con la intención allí y entonces de cometer asesinato en la persona de la citada Paquita Mercado Morales."

El caso se vió ante un tribunal de derecho, por haber renunciado el acusado a ser juzgado por un jurado. Después de desfilar la prueba de la acusación y la prueba de defensa, el ilustrado Juez sentenciador declaró al acusado culpable de un delito de acometimiento y agresión con circunstancias agravantes.

El acusado y apelante señala contra la sentencia de la ilustrada Sala sentenciadora de Mayagüez, el siguiente error: "el antiguo Tribunal de Distrito, (hoy Tribunal Superior), Sala de Mayagüez, cometió error manifiesto de hecho y de derecho e incurrió en pasión y prejuicio al apreciar la prueba . . . y declarar culpable al acusado de . . . . acometimiento y agresión grave . . . ."

■■ Empezaremos por exponer la prueba de la acusación a la cual dió entero crédito el Juez sentenciador. La perjudicada en este caso, señora Paquita Mercado Morales, y el acusado tuvieron relaciones sexuales (vivieron juntos) por algún tiempo y se separaron. El acusado pretendía que la perjudicada volviera a vivir con él y la perjudicada no inteteresaba volver a vivir con él. Parece que la perjudicada tenía otro hombre, el señor Julio Manuel Bonilla, quien la acompañaba la noche en que se produce la agresión. La descripción de dicha agresión la describe la perjudicada con las siguientes palabras: "estaba Miguel Fernández en la escalera y cuando yo fuí a poner el pie se me tiró encima con un cuchillo, entonces me tiró al piso y me dió una *puñalá*. Entonces vino Bonilla y le dijo: "deja esa señora quieta". Al

decir eso se le fué encima con el cuchillo y entonces Julio Manuel cogió una manigueta de un carro y la emprendió a tubazos." Las heridas que recibe la perjudicada resultaron ser superficiales, pues sólo penetraron el tejido adiposo, o sea, la capa de grasa después de la piel.

El acusado declaró que había vivido con la perjudicada y que creía que ella se había ido para Estados Unidos; que una noche, al pasar por la casa de doña Rosa Cintrón vió a la perjudicada y se le acercó para preguntarle por unos efectos personales que se le habían desaparecido del cuarto donde vivían juntos; ella le contestó que no sabía nada de las cosas desaparecidas y el acusado siguió su camino, pero al regresar, cuando pasaba por la casa de doña Rosa Cintrón, sintió un carro que frenó al lado suyo; que la perjudicada se bajó del carro, agarró al acusado, y le dijo al hombre que iba con ella: "Julio aquí está Miguel"; que inmediatamente el hombre que venía con la perjudicada le asestó un par de maniguetazos todos en la cabeza, con excepción de uno que le dió por la espalda; que el acusado cayó al suelo, "sin conocimiento", pero "quizás a base del mismo golpe", recobró el conocimiento y pudo correr; que el acusado no hirió a nadie, que no se fijó si la perjudicada estaba manando sangre por alguna parte del cuerpo; que no puede explicar las heridas que tenía la perjudicada.

Los objetos se comportan bien dentro del juicio que pudiéramos hacer de la declaración del acusado, hasta que llega el momento de explicar las dos heridas incisas que recibe la perjudicada, una en el antebrazo derecho y otra en el hemitórax, a la altura del quinto espacio intercostal anterior derecho, a una pulgada del esternón. De acuerdo a como describe los hechos el propio acusado, la agresión de Bonilla fué a él y no a la perjudicada; sin embargo, a la perjudicada hay que trasladarla a un hospital para que la asistiera el doctor Maximiliano Almonte. No vemos como podía el ilustrado Juez sentenciador abstraerse a una realidad tan evidente, como resulta ser, que la perjudicada sale con dos heri-

das incisas en una contienda donde el propio acusado admite que fué a él a quien golpeó Bonilla con una manigueta de automóvil. Por mucho que sea el candor que la imparcialidad le imponga a un juzgador, no debe llegar hasta el extremo de imponerle la obligación de creer, que del cielo puede descender el brazo de un arcángel, armado con un cuchillo de cocina, de seis pulgadas de ancho, con cabo negro, para propinarle una puñalada a una dama más o menos casquivana.

La sec. núm. 6, de la Ley 10 de marzo de 1904 para "determinar y castigar acometimiento, acometimiento y agresión, acometimiento con circunstancias agravantes, y acometimiento y agresión con circunstancias agravantes y para derogar la sec. 237 del Código Penal" dispone que: "todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientes casos: 1. cuando se cometa en la persona de un funcionario legal en el cumplimiento de sus deberes, en caso de saberse o haberse hecho saber a la persona que cometiere el hecho, que la persona agredida era un funcionario en el desempeño de un deber oficial; 2. cuando se cometiere en un tribunal de justicia o en cualquier sitio religioso o en algún lugar donde se hallaren reunidas varias personas con fines lícitos; 3. cuando la persona que cometiere el hecho, entre en la morada de una familia particular y cometiere allí la falta de acometimiento y agresión; 4. cuando se cometiere por una persona robusta y de fuerzas corporales en la de un anciano o decrépito; 5. cuando se cometiere por un varón adulto en la persona de una mujer o niño, o por una mujer adulta en la de un niño; 6. cuando el instrumento o los medios que se emplearen fueren tales, que infirieren deshonra a la persona agredida, como acometimiento y agresión con foete, azote y bastón; 7. cuando se infiere una herida grave a la persona agredida; 8. *cuando se cometiere con armas mortíferas en circunstancias que no revistiesen la intención de matar o mutilar;* 9. cuando se cometiere con intención premeditada para el fin calculado de inferir graves

heridas corporales; 10. cuando. se cometiere por cualquier persona o personas disfrazadas."

La prueba demuestra claramente que el acometimiento y agresión en este caso se realizó mediante el uso de un cuchillo de cocina, marca mayor, de seis pulgadas de ancho. Un cuchillo es un arma mortífera, que puede ocasionar la muerte o producir grave daño corporal: *Pueblo* v. *Díaz*, 66 D.P.R. 754, (*Travieso*), (1946), cita precisa final de pág. 755 y principio de pág. 756; *Pueblo* v. *Ríos*, 41 D.P.R. 764, (*Del Toro*), (1931), cita precisa a la pág. 766. De manera pues, que no es difícil concluir que cuando se agrede a una persona con un cuchillo en circunstancias que no revisten la intención de matar o mutilar, tal acometimiento y agresión está comprendido dentro del apartado 8 del núm. 6 de la Ley de 10 de marzo de 1904.

■■ El delito de acometimiento y agresión con circunstancias agravantes, está comprendido dentro del delito de atentado a la vida, por ser ambos delitos contra la persona, dependiendo la ocurrencia del uno o del otro, del resultado de la prueba en cuanto a la intención de cometer asesinato. *Pueblo* v. *Pérez*, 65 D.P.R. 693, (*De Jesús*), (1946), cita precisa a la pág. 694; *Pueblo* v. *Castro*, 61 D.P.R. 97, (*Del Toro*), (1942), cita precisa a la pág. 99; *Pueblo* v. *Álvarez*, 57 D.P.R. 770, (De Jesús), (1940), cita precisa a la pág. 772. De lo cual resulta, que al no satisfacerle a la conciencia del juzgador la prueba de intención presentada por el Ministerio Fiscal, puede declarar culpable al acusado de un acometimiento y agresión con circunstancias agravantes, si llegara a la conclusión, que tal acometimiento y agresión se realizó con un arma mortífera, en circunstancias que no revistiesen la intención de matar o mutilar.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Sr. Snyder no intervino.