El Pueblo de Puerto Rico, demandante y apelado, *v.* Elías Berríos, acusado y apelante.

Nos. 3709–10.—*Sometido:* Febrero 27, 1929. *Resuelto:* Marzo 15, 1929

*Pedro E. Anglade,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En estos dos casos la acusación imputó a Elías Berríos la tenencia y ofrecimiento en venta de leche de vaca adulterada con una cantidad de agua artificialmente añadida.

. Las acusaciones tienen fecha 12 de abril de 1928, y fueron leídas en corte en 27 de abril del mismo año.

En 10 de octubre de 1928 se llamaron los casos para el juicio en corte; y el acusado presentó moción para sobreseimiento fundándose en que: (*a*) los casos se hallan pendientes desde su radicación en 12 de abril de 1928; (*b*) la lectura de acusación se hizo en 27 de abril de 1928; (*c*) el acusado fué arrestado y prestó fianza el 8 de marzo de 1928; (*d*) el acusado ha estado, desde entonces, dispuesto a entrar en juicio; y de acuerdo con el artículo 448 del Código de Enjuiciamiento Criminal, no habiendo sido llamada la causa para juicio dentro de los 120 días que determina la ley, debe sobreseerse.

En la prueba para esta moción, se justificó: (1) Que el acusado fué arrestado, y prestó fianza el 8 de marzo de 1928, en causa por adulteración de leche; (2) Que desde el mes de abril de 1928 se vieron casos criminales en la Corte de Distrito de Guayama, siendo las vacaciones de esa corte en los meses de agosto y septiembre, y que se citó un término especial que empezó el 4 de septiembre, durante el que se vieron algunos casos, y que en el mes de julio del mismo año se vieron en la corte casos civiles y criminales; (3) Que los casos contra Elías Berríos por adulteración de leche, fueron señalados para el día 22 de mayo de 1928, suspendiéndose las vistas a petición de la defensa del acusado, y no se

señalaron de nuevo; (4) Que el perito químico que intervino en estos casos, en 15 de mayo de 1928, pidió a la corte que no señalara la vista de los casos en que él intervenía, durante su ausencia de Puerto Rico, que empezó en 30 de junio, y terminó, por lo que aparece, poco antes de la vista de estos casos en octubre; y que no se señalaron estos casos en ese período de tiempo.

Discutida la moción, la corte la declaró sin lugar, haciendo mérito, entre otros, de la ocurrencia del ciclón de 13 de septiembre de 1928, que trastornó los negocios todos, y dificultó las comunicaciones, e interrumpió, por algún tiempo, la regularidad de la vida en este país.

 Ahora el apelante señala como error la desestimación de su moción.

Como un hecho de más importancia que la que aparece dársele, tenemos el de que la vista o juicio en estos casos fué señalado para el 22 de mayo de 1928, y no se celebró porque el acusado pidió la suspensión. Interrumpió así el acusado el que pudiera, por analogía, llamarse período de prescripción; y no puede ahora tener en abono el tiempo anterior a esa fecha.

En 13 de septiembre de 1928 pasó sobre Puerto Rico un ciclón formidable, cuyos efectos perturbaron por algún tiempo la marcha de todos los negocios y de la vida de esta Isla. No podía exigirse a los fiscales y jueces que, bajo esas circunstancias, fueran los únicos funcionarios que realizaran un trabajo normal. El retraso en este caso tenía una justificación. Véase a este fin, el caso de *El Pueblo de Puerto Rico v. Marcelino Hidalgo*, resuelto por este tribunal, (pag. 202) y de cuya decisión debe reproducirse lo que sigue:

"Por el primero sostiene que debió haberse declarado con lugar una moción de sobrescimiento que presentó al comenzar el nuevo juicio en la Corte de Distrito, basada en que habían transcurrido más de 120 días a partir de la última suspensión. El Fiscal se opuso a la moción alegando como causa justa para no haberse celebrado la vista dentro del término de 120 días tanto las ocupaciones

de la Corte cuanto la ocurrencia del ciclón de San Felipe que fué de tal magnitud que por algún tiempo alteró la marcha normal en el despacho de los asuntos de la Corte. Y basándose en esa causa la corte declaró sin lugar la moción.

"A nuestro juicio no cometió error la Corte sentenciadora. Como dice el Fiscal de la Corte Suprema en su alegato no consta la fecha de la última suspensión que era el punto de partida para comenzar a contar los 120 días a que se refiere la ley que se ha considerado aplicable a estos casos. Sólo puede deducirse de las manifestaciones del juez al resolver la moción que el término había vencido seis días antes del en que se celebró el juicio. Y si se tiene en cuenta que de lo manifestado por el Secretario de la Corte, llamado a declarar por el propio abogado del acusado, resulta que la Corte para terminar sus casos llamó un término especial dentro de sus propias vacaciones que comenzó el cuatro de septiembre de 1928 y que fué interrumpido por la calamidad indicada ocurrida el 13 del propio mes de septiembre, se verá que hubo justa causa para celebrar el juicio el 12 del siguiente octubre."

Por las razones expuestas, no habiéndose cometido el **error** que se señala, *deben confirmarse las sentencias apeladas.*