EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, ASUNTOS DE LO CRIMINAL, HON. LUIS R. APELLÁNIZ, JUEZ, demandado; ENRIQUE IZCOA MOURE, interventor.

*Número:* O-75-85     *Resuelto:* 23 de abril de 1975

*Myriam Naveira de Rodón, Procuradora General,* y *Ruth Tentori, Procuradora General Auxiliar,* abogadas del peticionario; *José Luis Feliu Pesquera,* abogado del interventor.

PER CURIAM: Contra el interventor se radicó acusación el 12 de julio de 1974. El día de la lectura de la acusación—15 de agosto siguiente—ocurrió este diálogo al ser llamado el caso:

"Lic. Santana Suárez:

Representamos al acusado. Tenemos copia de la acusación, la damos por leída y pedimos diez (10) días para alegar.

Hon. Juez:

Se concede el término solicitado, entendiéndose que si no se hace en ese término se registrará una de no culpable. Deme fecha para el juicio. Para octubre o noviembre, ¿no tiene compromiso?

Lic. Santana Suárez:

Cualquiera de las ,dos fechas. Prefiero .para noviembre 25.

Hon. Juez:

Lo que pasa es que es lunes. Vamos a ponerlo para el martes.

Lic. Santana Suárez:

26 de noviembre?

Hon. Juez:

26 de noviembre ,de 1974."

El acusado, aquí interventor, solicitó la desestimación de la acusación. Invocó lo dispuesto en la Regla 64(n)(4)([1]) de las de Procedimiento Criminal de 1963. El Tribunal Superior, Sala de San Juan, Apellániz, J. decretó la desestimación.

■ Al resolver *Pueblo* v. *Arcelay Galán*, 102 D.P.R. 409 (1974) hicimos claro que "[l]a frase juicio rápido es un concepto constitucional, entre tantos otros, de contenido determinado en parte y en parte variable o flexible y sujeto a los procesos generales de cambio que afectan el derecho y la ley." La propia Regla 64(n) condiciona la desestimación a que "la demora para someter el caso a juicio [no] se deba a la solicitud del acusado o a su consentimiento." *Jiménez Román* v. *Tribunal Superior*, 98 D.P.R. 874 (1970). Además, ya hemos expresado que "no siempre un acusado interesa un juicio rápido." *Jiménez Román*, supra; *Baker* v. *Wingo*, 407 U.S. 514, 521 (1972) donde se expresó que la inobservancia de la garantía a un juicio rápido puede en ocasiones beneficiar al acusado. Es por esto que la renuncia a juicio rápido necesariamente no

---

([1]) "La moción para desestimar la acusación o la denuncia o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

".      .      .      .      .      .      .

"(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

".      .      .      .      .      .      .

"(4) Que el acusado no fue sometido a juicio dentro de los ciento veinte días siguientes a la presentación de la acusación o denuncia."

tiene que tener las salvaguardas exigidas para otras garantías constitucionales.

■ Habiéndose señalado la vista del caso fuera del término de 120 días—17 días después—establecido por la Regla 64(n)(4) de las de Procedimiento Criminal, con la conformidad expresa del abogado del interventor, no se ha vulnerado su derecho a un juicio rápido. *Se expedirá el auto solicitado y se revocará la resolución dictada por el Tribunal Superior, Sala de San Juan, Apellániz, J., en el caso criminal #M-74-1978 al 81 por Infr. Sec. 145(c), Ley de Contribución Sobre Ingresos.*