LYDIA E. GARCÍA Y OTROS, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. GERARDO CARREIRA MÁS, JUEZ, demandado.

*Número:* O-75-314 *Resuelto:* 10 de septiembre de 1975

---

28

*Graciany Miranda Marchand, Emilio A. Soler Mari, Gregorio Lima, Wilfredo Morales, Javier Cuevas Silva, Andrés Díaz Nieves* y *Reinaldo Rampolla,* abogados de los peticionarios; *Américo Serra, Procurador General Interino,* y *Maggie Correa Aviles, Procuradora General Auxiliar,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

Los peticionarios recurren ante nos para que revisemos resoluciones del Tribunal Superior denegando sus solicitudes de desestimación de acusaciones pendientes contra ellos por delitos de conspiración e infracciones de la Ley de Armas.

Invocan la Regla 64(n)(4) de Procedimiento Criminal,(*) alegando que se ha violado su derecho constitucional a un juicio rápido, según ha quedado estatuido por la citada Regla.

Las acusaciones contra ellos fueron presentadas el 25 de marzo de 1973. Varios señalamientos para juicios fueron pospuestos hasta el 17 de octubre de ese año. Ese día uno de los acusados pidió la suspensión y se accedió a ello haciéndose un señalamiento para 133 días después, es decir, para el 27 de febrero de 1974. No hay constancia en las minutas de que los acusados consintieran en ese señalamiento. Tampoco la hay demostrativa de las razones que justificaran tal dilación.

El señalamiento para el 27 de febrero del 1974 fue también dejado sin efecto, como lo han sido todos los posteriores. Hemos examinado las minutas del tribunal recurrido y ellas revelan que todas las suspensiones posteriores al 27 de febrero de 1974 se han debido: una al traslado de los casos de la Sala de Hato Rey para la Sala de la Parada 18 en Santurce, a petición del fiscal; otras a que el ministerio público no suplía a los acusados determinada especificación de particulares que ellos le requirieron desde el 19 de febrero de 1974, particulares que el fiscal nunca objetó y que no producía a pesar de órdenes al efecto del tribunal; y, una—que es causa

---

(*) Dicha Regla, en lo aquí aplicable, dispone como sigue:

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

"(a) . . . . . . . .

. . . . . . . . . . .

"(n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

"(1) . . . . . . . .

. . . . . . . . . . .

"(4) Que el acusado no fue sometido a juicio dentro de los ciento veinte días siguientes a la presentación de la acusación o denuncia.

". . . . . . . .

. . . . . . . . ."

directa del recurso ante nos—que el fiscal se proponía ausentarse de Puerto Rico. Esta última suspensión se produjo el 12 de julio de 1974, con el allanamiento de los acusados. Pero se hizo un próximo señalamiento para el 20 de diciembre de 1974—más de cinco meses más tarde—y no surge de las minutas que los acusados y ahora peticionarios consintieran en tal demora. Por el contrario, a partir de la suspensión decretada en octubre del 1973 los acusados insistieron repetidamente en que debían desestimarse las acusaciones bajo la Regla 64(n) (4) y expresamente hacían constar que no renunciaban a su derecho a juicio rápido. No hay en las minutas del tribunal recurrido explicación alguna, y mucho menos justificación, para repetidas dilaciones de más de 120 días entre uno y otro señalamiento.

Una de las Salas de este Tribunal dispuso por resolución de 3 de julio de 1975 que la solicitud de *certiorari* que aquí nos ocupa fuera notificada a la Procuradora General para que expresara lo que creyere menester. Así lo ha hecho mediante escrito fechado el 23 de julio, en que se opone al recurso.

En *Pueblo* v. *Arcelay Galán,* 102 D.P.R. 409 (1974), al revocar a *Pueblo* v. *Martínez Vega,* 98 D.P.R. 946 (1970), resolvimos que la no objeción por el acusado a un señalamiento del juicio para una fecha más allá de los 120 días que señala la Regla 64(n)·(4) no constituye una renuncia a su derecho constitucional a un juicio rápido. Citando a *Pueblo* v. *Morales Romero,* 100 D.P.R. 436 (1972), reafirmamos que "[las] renuncias a los derechos constitucionales fundamentales deben ser expresas y no presuntas, así como voluntarias y efectuadas con pleno conocimiento de causa."

La Procuradora General pone énfasis en nuestra decisión en *Pueblo* v. *Tribunal Superior,* 103 D.P.R. 732 (1975), citándonos en parte y fuera de contexto, donde señalamos que una demora de 17 días adicionales a los 120 de la Regla 64(n) (4) no priva al acusado de su derecho a un juicio rápido. Lo que omite la Procuradora General es que ese señalamiento con

demora de 137 días se hizo "con la conformidad expresa del abogado del peticionario." Así lo hicimos constar en nuestra opinión *Per Curiam* de ese caso. Lejos de debilitar el principio establecido en *Arcelay Galán*, lo reafirmamos al señalar que hubo la *conformidad expresa* del acusado.

 Un examen de los autos originales ante el tribunal recurrido produce un sentido de insatisfacción ante la complacencia de abogados, fiscales, y del propio tribunal en la postergación del juicio de los peticionarios. No revelan los autos siquiera un indicio de deseo y voluntad de celebrar el juicio. Si bien es cierto que los acusados tienen el derecho—constitucionalmente garantizado—de que se les celebre juicio sin demora, no es menos cierto que la sociedad demanda que aquellos a quienes se acusa de violentar sus leyes sean juzgados prontamente. El juicio rápido es un derecho tanto del acusado como del Pueblo. En el caso ante nos, uno y otro han sido defraudados, y no se ha ofrecido una sola razón que lo justifique. La justa causa para la demora, de que habla la Regla 64 (n) (4) de Procedimiento Criminal, ni se ha aducido ante nos, ni la hemos encontrado al examinar los autos.

*Se expedirá el auto solicitado, se revocará la resolución del tribunal recurrido, y se ordenará la desestimación de las acusaciones motivo del presente recurso.*