EL PUEBLO DE PUERTO RICO, recurrido, *v.* TOMÁS RIVERA SANTIAGO, acusado y peticionario.

*Número:* CE-89-789          *Resuelto:* 29 de junio de 1990

*Ángel Luis Montañez Morales,* abogado del peticionario; *Norma Cotti Cruz, Subprocuradora General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo.

---

## SENTENCIA

### I

El acusado peticionario Tomás Rivera Santiago estuvo involucrado en un accidente automovilístico que ocurrió el 20 de mayo de 1989. Mientras conducía por la Carretera Núm. 1, en dirección de Caguas a Río Piedras, impactó el automóvil manejado por el Sr. Fidel H. Cortés Carbucia. El señor Cortés sufrió lesiones pero los daños a la propiedad no fueron estimados. Dicho accidente fue investigado por el policía Víctor Cruz Rivera, quien presentó denuncia contra el acusado una vez transcurridos ciento tres (103) días después de ocurrido el accidente. En dicha denuncia se le imputó al acusado peticionario la violación a la Sec. 5-201 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 871. Coincidentemente con la presentación de la denuncia, se efectuó la vista de determinación de causa probable para arrestar. En dicha vista el abogado del peticionario alegó que la denuncia fue presentada una vez transcurrido el término provisto por la Regla 64(n)(2) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Planteó, además, la inexistencia de justa causa por parte del Estado para justificar la violación de dicho término. Instancia (Tribunal de Distrito) concluyó que efectivamente el Estado presentó la denuncia tardíamente, por lo que procedió a desestimar la misma.

Posteriormente, el Estado acudió ante el Tribunal Superior y solicitó que se celebrase otra vista de determinación de causa probable para arrestar. La defensa se opuso a la celebración de la misma. Alegó que el Ministerio Público estaba impedido de iniciar otro proceso por el mismo delito, al ser éste un delito menos grave que fue desestimado debido al incumplimiento de los términos de juicio rápido. Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El Pueblo se opuso a esta moción y expresó que hubo justa causa para que la vista no se celebrara dentro de los términos

dispuestos por la citada Regla 64(n)(2) de Procedimiento Criminal.[1]

Luego de denegar la moción presentada por la defensa, el Tribunal Superior juramentó la prueba y determinó la existencia de causa probable para arresto por el delito imputado. No conforme con esta determinación, el acusado presentó ante nos el recurso de *certiorari* que nos ocupa y alegó que instancia cometió error de derecho al determinar causa probable por un delito menos grave cuando éste fue previamente desestimado por los fundamentos de la Regla 64(n)(2) de Procedimiento Criminal, *supra*.

Le ordenamos al Procurador General mostrar causa por la cual no debemos proceder a revocar la resolución recurrida. El Procurador ha comparecido y procedemos a resolver sin ulteriores procedimientos.

## II

En nuestra jurisdicción, todo acusado tiene derecho a la celebración de un juicio rápido. Véanse: Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1; Regla 64(n)(2) de Procedimiento Criminal, *supra*. Como parte del derecho a juicio rápido, se ha reconocido el derecho de todo imputado a que la denuncia o acusación en su contra se presente sin dilaciones innecesarias. Nuestro ordenamiento procesal ha dispuesto que una denuncia o acusación debe ser desestimada si la misma no se presenta dentro de los sesenta (60) días tras haber ocurrido el arresto o citación del imputado. Regla 64(n)(2) de Procedimiento Criminal, *supra*. Sólo podrá obviarse el cumplimiento de este término si existe justa causa para exceder el mismo o si el acusado solicita o accede a que éste se extienda. *Pueblo v. Tribunal Superior*, 104 D.P.R. 454 (1975).

---

[1] La alegada justa causa consistía en que el policía denunciante tenía mucho trabajo, sumado a que los hijos de éste se enfermaron. Demás está señalar que ésto no constituye la justa causa requerida por nuestro ordenamiento procesal criminal y por la jurisprudencia.

Una vez el acusado entiende que se le ha violado su derecho a juicio rápido, puede presentar una moción de desestimación. Si estamos ante una situación de presentación tardía, la moción para desestimar (Regla 64(n)(2) de Procedimiento Criminal, *supra*) debe presentarse al hacerse alegación de no culpable o antes de alegar Regla 63 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.)

Por su parte, la Regla 67 de Procedimiento Criminal, *supra*, dispone que cuando se trate de un delito menos grave, contrario a si es un delito grave, la desestimación de acuerdo con las disposiciones de la Regla 64(n) de dicho cuerpo de reglas, 34 L.P.R.A. Ap. II, será con perjuicio. *Pueblo v. Montezuma Martínez*, 105 D.P.R. 710 (1977).

La Ley de Vehículos y Tránsito de Puerto Rico (Ley de Vehículos y Tránsito), 9 L.P.R.A. sec. 301 *et seq.*, provee para que en caso de violaciones a algunas disposiciones de la misma se utilice el sistema de denuncia y citación simultáneas que la propia ley autoriza. 9 L.P.R.A. secs. 1491–1497.

Las disposiciones sobre juicio rápido antes discutidas son aplicables a los casos en que se ha violado alguna disposición de la Ley de Vehículos y Tránsito a causa de la cual se expide una denuncia-citación. *Martínez v. Tribunal Superior*, 81 D.P.R. 945 (1960). Esto es así ya que, desde el momento en que el agente de la Policía expide y entrega la denuncia-citación, el imputado de la violación a la ley está sujeto a responder. *Pueblo v. Tribunal Superior*, 81 D.P.R. 455 (1959); *Pueblo v. Carmen Centrale, Inc.*, 46 D.P.R. 494 (1934).

### III

Al acusado peticionario Tomás Rivera Santiago se le imputó haber violado la Sec. 5–201 de la Ley de Vehículos y Tránsito, *supra*. Estos hechos alegadamente ocurrieron el 20 de mayo de 1989, pero la denuncia por dicha violación no fue presentada sino hasta el 31 de agosto de 1989. Al examinar los autos y el expediente no encontramos que en este caso el policía investigador, Víctor Cruz Rivera, haya expedido una denuncia-citación al

momento de ocurrir el accidente. Más aún, el propio acusado señala que el policía Cruz Rivera lo citó para la vista de determinación de causa probable luego de haber transcurrido ciento tres (103) días desde que investigó el accidente.

Esta situación nos lleva a concluir que el policía Cruz Rivera no expidió la denuncia-citación contra el acusado peticionario el día en que acaecieron los hechos que motivaron la posterior denuncia en su contra. Al así hacerlo, actuó correctamente y de acuerdo con las disposiciones de la propia Ley de Vehículos y Tránsito. Ésta establece que cuando se cause o se contribuya a causar un accidente en el que alguna persona muera o sufra lesión, o se causen daños a la propiedad por una cuantía aparente en exceso de cincuenta dólares ($50), no será de aplicación el sistema de denuncia-citación. 9 L.P.R.A. sec. 1496. En el caso de autos, el término de sesenta (60) días establecido por la Regla 64(n)(2) de Procedimiento Criminal, *supra,* no comenzó a correr a partir de la fecha en que se cometió el delito imputado. Erró el Tribunal de Distrito al desestimar la denuncia presentada contra el peticionario. Estamos ante la imputación de un delito menos grave y, debido a que el acusado no fue arrestado ni citado con arreglo a las disposiciones de ley antes discutidas, el Estado contaba con el período de un (1) año para presentar una denuncia ordinaria contra él. Art. 78(b) del Código Penal de 1974 (33 L.P.R.A. sec. 3412(b)). La denuncia fue presentada dentro del término establecido; no se violó el derecho del acusado a tener un juicio rápido.

Por todo lo antes expuesto, *se expide el auto de "certiorari" solicitado y se confirma la resolución del Tribunal Superior, Sala de San Juan, emitida el 27 de octubre de 1989.*

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General Interino. El Juez Asociado Señor Hernández Denton disiente sin opinión escrita. La Juez Asociada Señora Naveira de Rodón emitió voto particular y de conformidad.

(*Fdo.*) Heriberto Pérez Ruiz
*Secretario General Interino*

—O—

Voto particular y de conformidad emitido por la Juez Asociada Señora Naveira de Rodón.

El caso de autos nos plantea la interrogante de si tiene derecho el Ministerio Público a presentar, por segunda ocasión, una denuncia por un delito menos grave cuando una denuncia previa por los mismos hechos había sido desestimada por un magistrado al amparo de la Regla 64(n)(2) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. También requiere que discutamos la aplicación de las Reglas 64(n)(2) y 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en un caso en que están involucradas las disposiciones de la Ley de Vehículos y Tránsito de Puerto Rico (Ley de Vehículos y Transito), Ley Núm. 141 de 20 de julio de 1960, según enmendada, 9 L.P.R.A. sec. 301 *et seq.*

I

*Los hechos*

Mediante una denuncia formulada por el policía Víctor Cruz Rivera, se le imputó al acusado peticionario, Tomás Rivera Santiago, que para el 20 de mayo de 1989, mientras discurría por la carretera Núm. 1 en dirección de Caguas a Río Piedras y al llegar a la intersección con la carretera que va hacia la Estación Experimental de la Universidad de Puerto Rico, impactó el vehículo conducido por el Sr. Fidel H. Cortés Carbucia. Se alegó que en dicho accidente resultaron lesionados el señor Cortés Carbucia y el Sr. Fidel Cortés Trinidad. Este accidente lo investigó el policía Víctor Cruz Rivera adscrito a la División de Tránsito de San Juan. Los daños ocasionados a la propiedad no fueron estimados.

El 31 de agosto de 1989, ciento tres (103) días después de ocurrido el accidente, el policía Cruz Rivera presentó una denuncia contra el acusado Rivera Santiago en la cual le imputó haber

violado la Sec. 5–201 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 871,[1] un delito menos grave.

El mismo 31 de agosto se celebró la vista de determinación de causa probable para arrestar ante un magistrado del Tribunal de Distrito. En ella el abogado del peticionario preguntó a los perjudicados si éstos estuvieron, antes de ese día, recluidos en algún hospital o impedidos de acudir al tribunal, a lo que ellos contestaron negativamente. Además, el policía Cruz Rivera declaró que no presentó la denuncia antes debido a que tenía mucho trabajo y unos hijos enfermos. Así las cosas, la defensa planteó que había transcurrido el término provisto por la Regla 64(n)(2) de Procedimiento Criminal, *supra*,[2] para la presentación de la denuncia y que las razones aducidas por el policía Cruz Rivera no constituían la justa causa que exige la Regla 64(n) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, para justificar la demora. Alegó, también, que el acusado siempre estuvo disponible para acudir al tribunal. El Tribunal de Distrito acogió estos planteamientos y procedió a desestimar la denuncia.

---

[1]  La Sec. 5–201 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 871, establece lo siguiente:

"Sec. 371. *Imprudencia o negligencia temeraria*

"(a) Toda persona que condujere un vehículo con voluntario o malicioso desprecio por la seguridad de personas o propiedades será culpable de conducir temerariamente e incurrirá en delito menos grave y convicta que fuere se le castigará con una multa no menor de cien (100) dólares ni mayor de quinientos (500) dólares o cárcel por un término no menor de un mes ni mayor de seis (6) meses, o ambas penas a discreción del Tribunal.

"(b) En caso de una segunda convicción bajo las disposiciones de esta sección, el Secretario revocará a la persona así convicta toda licencia que posea autorizándole a conducir vehículos de motor por un término de tres (3) meses y por cada convicción subsiguiente la revocación será por un término de seis (6) meses."

[2]  La Regla 64(n)(2) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone:

"*Regla 64. FUNDAMENTOS DE LA MOCIÓN PARA DESESTIMAR*

"La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas, sólo podrá basarse en uno o más de los siguientes fundamentos:

.   .   .   .   .   .   .   .

"(n) Que existen una o varias de las siguientes *circunstancias, a no ser que se demuestre justa causa para la demora* o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:

.   .   .   .   .   .   .   .

"(2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta (60) días de su arresto o citación o dentro de los treinta (30) días si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de *conformidad con lo dispuesto en la Regla 6(a)*."

El 2 de octubre de 1989 el Ministerio Público acudió en alzada ante el Tribunal Superior, Sala de San Juan, para solicitar la celebración de una nueva vista de determinación de causa probable para el arresto. La vista se señaló para el 16 de octubre de 1989. A dicha vista no compareció ni el acusado peticionario ni el policía denunciante, por lo que el Ministerio Público pidió el reseñalamiento de la misma solicitando, a su vez, que se citara a los ausentes antes mencionados. La vista fue reseñalada para el 20 de octubre de 1989. A esta vista compareció el acusado, pero no así el policía. El tribunal ordenó el arresto del policía y señaló la vista para el 27 de octubre de 1989. También ordenó a la defensa presentar una moción dentro de un plazo de cuarenta y ocho (48) horas en la que expresara las razones por las cuales no procedía celebrar una nueva vista de determinación de causa probable para arresto.

El 23 de octubre de 1989 la defensa presentó su moción al amparo de la Regla 67 de Procedimiento Criminal, *supra*.[3] El Ministerio Público contestó y alegó la existencia de justa causa para que la vista no se celebrara dentro del término establecido por la Regla 64(n)(2) de Procedimiento Criminal, *supra*. La justa causa, según el Ministerio Fiscal, radicaba en el alegado exceso de trabajo del policía y en la enfermedad de los hijos de éste.[4] Alegó, además, que el Tribunal de Distrito erró al equiparar *"la citación expedida por el policía investigador a la citación expedida por un Tribunal luego de la determinación de causa para el arresto"*. (Énfasis suplido.)[5]

---

[3]  La Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dice como sigue:
*"Regla 67. ORDEN DESESTIMANDO EL PROCESO; CUANDO IMPIDE UNO NUEVO*

"Una resolución declarando con lugar una moción para desestimar no será impedimento para la iniciación de otro proceso por el mismo delito a menos que el defecto u objeción fuere insubsanable, o a menos que tratándose de un delito menos grave (*misdemeanor*) dicha moción fuere declarada con lugar por alguno de los fundamentos relacionados en la Regla 64(n)."

[4]  Debido al resultado a que llegamos en este caso, no es necesario entrar a discutir si esto constituye o no justa causa para que no se celebrara la vista. Sin embargo, debe tenerse presente lo ya resuelto en el caso *Pueblo v. Rivera Tirado*, 117 D.P.R. 419, 435–437 (1986).

[5]  Apéndice 4, pág. 2.

El 27 de octubre de 1989 el tribunal denegó la moción de la defensa. Luego procedió a juramentar la prueba y a hacer una determinación afirmativa de ·causa probable para arrestar por infracción a la Sec. 5–201 de la Ley de Vehículos y Tránsito, *supra.*(6)

Inconforme con esta determinación, el 28 de noviembre de 1989 el acusado acudió ante nos mediante petición de *certiorari.* Planteó la comisión de un sólo error:

> El Honorable Tribunal Superior, Sala de San Juan, cometió error de derecho al determinar causa en una acción por delito menos grave habiendo sido desestimado previamente por la Regla 64(N)(2) [sic] de las de Procedimiento Criminal de Puerto Rico.

Así las cosas, ordenamos al Procurador General mostrar causa por la cual no debíamos revocar la resolución recurrida. El Procurador General ha comparecido. Estamos en posición de resolver y así procedemos a hacerlo sin ulteriores procedimientos.

## II

*Derecho a juicio rápido—Las Reglas 64(n)(2) y 67 de Procedimiento Criminal—La Ley de Vehículos y Tránsito de Puerto Rico*

El derecho de todo acusado a un juicio rápido está dispuesto en la Sec. 11 del Art. II de nuestra Constitución, L.P.R.A., Tomo 1. Este derecho cobija tanto a los acusados como al Pueblo, en el sentido de que si bien los acusados tienen el derecho constitucional a ser juzgados con celeridad, también la sociedad exige que aquellos a quienes se les acusa de violentar sus leyes sean juzgados con prontitud. *Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975); *Pueblo v. Rivera Tirado*, 117 D.P.R. 419 (1986); *Pueblo v. Monge Sánchez*, 122 D.P.R. 590 (1988).

Al igual que otras garantías constitucionales, el derecho a juicio rápido puede ser renunciado afirmativamente por el propio

---

(6) Minuta de la vista celebrada el 27 de octubre de 1989 en el Tribunal Superior, Sala de San Juan.

acusado. *Rabell Martínez v. Tribunal Superior*, 101 D.P.R. 796 (1973). Esta renuncia no implica que el Estado pueda esperar un período de tiempo irrazonablemente largo para volver a juzgarlo. *Pueblo v. Carrión Roque*, 99 D.P.R. 362 (1970). Por otro lado, la renuncia de un acusado a un juicio rápido no tiene que, necesariamente, tener las salvaguardas exigidas para otras garantías constitucionales. Esto es así porque "no siempre un acusado interesa un juicio rápido" e inclusive, en ocasiones, la inobservancia de dicha garantía puede beneficiar al acusado. Véase *Pueblo v. Tribunal Superior*, 103 D.P.R. 732, 733 (1975), y casos allí citados.

Ahora bien, la renuncia al derecho a juicio rápido debe ser expresa, voluntaria y con pleno conocimiento de causa. *Pueblo v. Rivera Arroyo*, 120 D.P.R. 114 (1987); *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443 (1989). A estos efectos se han esbozado cuatro (4) criterios que deben examinarse en conjunto y con otras circunstancias pertinentes para evaluar las reclamaciones de violaciones al derecho a juicio rápido: (1) la duración de la tardanza; (2) las razones para la dilación; (3) si el acusado invocó oportunamente el derecho a juicio rápido, y (4) el perjuicio resultante de la tardanza. Se ha resuelto que ninguno de estos factores será determinante y todos están sujetos a un balance. *Pueblo v. Rivera Tirado*, supra, pág. 433.

A pesar de que este derecho constitucional puede ser aplicado *ex proprio vigore* (*Pueblo v. Opio Opio*, supra), en Puerto Rico el mismo está también dispuesto en nuestras Reglas de Procedimiento Criminal. La Regla 64(n)(2) del citado cuerpo de reglas, *supra*, dispone en lo pertinente que el no presentar acusación o denuncia contra un acusado dentro del término de sesenta (60) días, contados a partir del momento de su arresto o citación, es suficiente fundamento para dar paso a la desestimación de la denuncia o a la acusación. Sin embargo, no procederá la desestimación cuando exista justa causa para exceder el término indicado o cuando la demora sea solicitada o consentida por el acusado. *El Pueblo v. Nigaglioni*, 28 D.P.R. 232 (1920); *Pueblo v. Berríos*, 39 D.P.R. 334 (1929); *De Gracia v. Corte*, 52 D.P.R. 607 (1938); *Pueblo v. Rexach*, 62 D.P.R. 22 (1943); *García v. Tribunal*

*Superior*, 104 D.P.R. 27 (1975); *Pueblo v. Tribunal Superior*, 104 D.P.R. 454 (1975); *Pueblo v. Arcelay Galán*, 102 D.P.R. 409 (1974). Un individuo que ha sido arrestado o citado no sólo tiene derecho a que se le someta a juicio rápidamente, sino también a que la acusación o denuncia en su contra se presente dentro de un término razonable. El caso de autos toca precisamente el aspecto de la radicación tardía de la denuncia.

La citada Regla 63 de Procedimiento Criminal, a su vez, señala que la moción para desestimar bajo la Regla 64(n)(2) del mismo cuerpo de reglas, *supra*, debe ser presentada al hacerse alegación de no culpabilidad o antes de alegar. Dispone, además, que por causa justificada el tribunal puede permitir que la moción se presente dentro de los veinte (20) días posteriores al acto de lectura de acusación en los casos en que ésta proceda. *Cf. Pueblo v. Garrick*, 105 D.P.R. 178 (1976). En el caso de autos la moción fue presentada dentro del período prescrito por la citada Regla 64(n)(2).

La desestimación bajo la Regla 64(n)(2) de Procedimiento Criminal, *supra*, hay que analizarla conjuntamente con las disposiciones de la mencionada Regla 67 que establece que, tratándose de un delito menos grave, la desestimación bajo la Regla 64(n) de Procedimiento Criminal, *supra*, será con perjuicio. No así cuando se trata de un delito grave. *Pueblo v. García*, 71 D.P.R. 227 (1950); *Pueblo v. Maldonado*, 77 D.P.R. 638 (1954); *Pueblo v. Montezuma Martínez*, 105 D.P.R. 710 (1977); D. Nevares-Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño*, 3ra ed., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1989, pág. 103.

Pasemos ahora a examinar la aplicación de estas reglas a una situación que surge de una violación a las disposiciones de la Ley de Vehículos y Tránsito.

En *Martínez v. Tribunal Superior*, 81 D.P.R. 945, 952–953 (1960), nos enfrentamos a una situación similar a la aquí planteada. Allí interpretamos y aplicamos el derogado Art. 448 del Código de Enjuiciamiento Criminal, equivalente a la Regla 64(n)(2) de Procedimiento Criminal, *supra*, y al sistema de denuncia y citación simultáneas autorizado por la Ley Núm. 93 de 29 de junio de 1954, según enmendada, 9 L.P.R.A. secs. 1491–1497,

sistema que fue trasladado sin alteraciones sustanciales a la actual Ley de Vehículos y Tránsito.[7] En relación con la denuncia-citación, expresamos que:

Más bien se condicionó por ley el arresto o detención, —cuyo sabido propósito es hacer comparecer al infractor al trámite judicial y que cumpla la sentencia que se le dicte o en su lugar hacer que preste fianza para garantizar dicha comparecencia,— al hecho de que la persona denunciada entregue al agente la licencia de conductor (en cuyo caso la Ley dice "no se le arrestará") como medio de asegurar su comparecencia, haciendo la retención de la licencia las veces de una fianza. . . .

. . . . . . . . .

. . . [L]a Ley 93 no permite la celebración de un juicio en los méritos a base del boleto ("ticket"). De no comparecer el infractor a alegar, o de hacer alegación de inocencia si compareciere, el estatuto dispone que *se ordenará la radicación de denuncia en forma ordinaria.* De ello se desprende que la preparación de la "denuncia-citación" en la escena de los hechos notificada al infractor, y su radicación en corte dentro de un breve plazo son pasos que la

---

(7) En lo referente al sistema de denuncia-citación simultáneas, en *Martínez v. Tribunal Superior*, 81 D.P.R. 945, 950–951 (1960), expresamos:

"Por el referido estatuto la Asamblea Legislativa estableció y autorizó la denuncia y citación simultáneas ("ticket system") para infracciones sobre tránsito excepto aquellas infracciones expresamente excluidas. Dispuso . . . que los formularios para las denuncias contendrán los espacios en blanco y materia impresa requerida para que las marcas que haga o blancos que llene el policía denunciante produzcan los elementos necesarios constitutivos del delito que se imputa. Al intervenir en la infracción, el policía firmará la denuncia que deberá contener la citación del acusado para comparecer ante el tribunal en una fecha determinada no anterior a cinco ni posterior a 15 días contados desde la fecha de la denuncia; le entregará una copia a la persona denunciada, jurará el original ante el funcionario competente y lo radicará en la sala correspondiente en el Tribunal de Distrito. . . .

". . . [A]l momento de intervenir el oficial de orden público requerirá del infractor la entrega de su licencia para conducir vehículos de motor en Puerto Rico. *'Si el infractor entregare su licencia no se le arrestará',* y el oficial retendrá dicha licencia y le entregará en su lugar un recibo adecuado que operará como la licencia hasta la fecha señalada para la comparecencia ante el tribunal. La licencia será entregada al Secretario de la Sala correspondiente del Tribunal de Distrito al momento de radicarse la denuncia. En el curso del procedimiento el tribunal puede prorrogar el término durante el cual el recibo sirve los propósitos de la licencia, no más allá de la fecha de la expiración de ésta. Una vez *'resuelto'* el caso por el Tribunal de Distrito *'o en cualquier momento antes si el acusado presta fianza provisional a satisfacción del tribunal',* la licencia le será devuelta a menos que medie alguna de las causas para la suspensión o cancelación de la misma o que ésta haya expirado. Toda licencia retenida por un oficial o por el tribunal se entenderá suspendida si el concesionario de la misma condujere un vehículo de motor provisto solamente del recibo después de haber expirado la vigencia de éste." (Énfasis en el original.)

Ley 93 intercaló en el procedimiento con el único fin de que automáticamente se pueda recibir sin más reparos una alegación de culpabilidad si el infractor desea hacerla y se dicte sentencia, disponiéndose así en forma rápida de un considerable número de casos de tránsito. Llegado el día fijado para comparecer si el infractor no lo hace o si alega ser inocente, la función de la "denuncia-citación" termina y el caso sigue su trámite ordinario excepto que por la infracción misma el acusado no tiene que prestar fianza mientras su licencia le quede retenida en el tribunal. (Énfasis en el original.) *Martínez v. Tribunal Superior*, supra, págs. 952-955.

En cuanto a cuándo comienza a contarse el mencionado período de sesenta (60) días dentro de los cuales debe presentarse la denuncia o acusación, señalamos que "el punto de partida para computar los sesenta días tiene que ser el acto de un tercero, anterior a la presentación de la acusación, conocido por la persona afectada y que tenga el efecto legal de obligar a esa persona a responder por la comisión de un delito público". *Pueblo v. Tribunal Superior*, supra, pág. 459. Apliquemos las normas de derecho antes reseñadas a los hechos específicos de este caso.

En el caso de autos se alegó que el 20 de mayo de 1989 el acusado peticionario Rivera Santiago violó la Sec. 5-201 de la Ley de Vehículos y Tránsito, *supra*. La denuncia en su contra se presentó el 31 de agosto del mismo año. Sólo se requiere de una simple operación matemática para determinar que en este caso la denuncia se presentó una vez transcurrido, por mucho, el término de sesenta (60) días posteriores a la ocurrencia de la infracción de la ley.

En su contestación a la moción presentada por el acusado, el Ministerio Público alegó que "[e]n este caso el Tribunal errónea-mente equiparó *la citación expedida por el policía investigador* a la citación expedida por un Tribunal luego de la determinación de causa para el arresto". (Énfasis suplido.) Apéndice 4, pág. 6. De otra parte, en la petición de *certiorari* ante nos el acusado, al hacer su exposición de los hechos ocurridos, alegó que el policía Cruz Rivera "investigó el accidente y *luego de haber transcurrido*

*el término de 103 días citó al recurrente* [sic] *para la vista de determinación de causa"*. (Énfasis suplido.) Petición de *certiorari*, pág. 3. Con su petición el acusado no incluyó copia de la supuesta denuncia-citación. Hemos examinado los autos originales y éstos tampoco contienen una copia de la denuncia-citación. Esto nos lleva a concluir que en el presente caso nunca se expidió una denuncia-citación al momento en que acaecieron los hechos que dieron lugar a la acusación.[8]

Esta conclusión es cónsona con las disposiciones de la Ley de Vehículos y Tránsito que, en su Sec. 9–106 (9 L.P.R.A. sec. 1496),[9] establece que el sistema de denuncia-citación no será aplicable, entre otros, a aquellos casos en que se cause o se contribuya a causar un accidente que resulte en la lesión o muerte de una persona o en daños a la propiedad ajena cuya cuantía aparente sea mayor de cincuenta (50) dólares. Las alegaciones en el caso de autos reflejan que los perjudicados, señores Cortés Carbucia y Cortés Trinidad, sufrieron lesiones corporales, aunque no se indica la magnitud de las mismas. De otra parte, se expresa que

---

[8] Esta conclusión no impide el que al devolverse el caso a instancia, previa corrección y complementación de los autos originales, el acusado, de poder probar que efectivamente el policía Cruz Rivera le emitió al momento del accidente una denuncia-citación, levante oportunamente de nuevo el planteamiento de juicio rápido. *Vizcarra Castellón v. El Pueblo*, 92 D.P.R. 156, 159–160 (1965).

[9] La Sec. 9–106 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1496, dispone lo siguiente:

*"Sec. 1496. Excepciones*

"El sistema de denuncia y citación simultáneas aquí establecido no será aplicable a la persona que conduzca un vehículo de motor en los siguientes casos:

"(1) Sin estar autorizado para ello o que no pudiere mostrar su licencia.

"(2) Bajo la influencia de bebidas embriagantes, narcóticos, drogas, estimulantes, deprimentes o sustancias similares.

"(3) Cuando causare o contribuyere a causar un accidente que resultare en la lesión o muerte de una persona o en daño a propiedad ajena en una cuantía aparente mayor de cincuenta (50) dólares, incluyendo el accidente causado al cometer una infracción administrativa, convertida en delito menos grave de acuerdo a la sec. 1872 de este título.

"(4) Abandonare el sitio de un accidente sin haber cumplido con lo dispuesto en la sec. 781 de este título.

"(5) Violaciones que bajo los términos de este Capítulo sean consideradas faltas administrativas de tránsito. Disponiéndose que el sistema de denuncia y citación simultáneas podrá utilizarse cuando una falta administrativa se convirtiere en delito menos grave según la sec. 1871 de este título en accidentes en que sólo se hubiesen causado daños a una propiedad ajena en cuantía aparente menor de cincuenta (50) dólares."

el vehículo de los perjudicados fue impactado por la parte lateral derecha. Los daños ocasionados al vehículo no se estimaron.[10]

El acusado-peticionario alega que procedía el archivo de la denuncia al amparo de la Regla 64(n)(2) de Procedimiento Criminal, *supra*, puesto que ésta fue presentada pasados los sesenta (60) días desde que él *estuvo sujeto a responder*. El término "sujeto a responder" no significa necesariamente un arresto. Cuando una persona natural o jurídica está obligada a contestar una acusación o denuncia, o podría ser convicta, esa persona está sujeta a responder. *Pueblo v. Carmen Centrale, Inc.*, 46 D.P.R. 494 (1934). Ahora bien, el término de sesenta (60) días para juicio rápido no comienza a correr, sin más, desde el momento en que la persona comete el delito o un agente del orden público observa la realización del acto delictivo por el cual se le acusa. Es necesario que además haya una actuación del agente del orden público o tercero que tenga el efecto legal de obligar a esa persona a responder por la comisión del acto delictivo y que la persona afectada tenga conocimiento de la actuación del tercero o agente oficial. En otras palabras, tiene que haberse puesto en movimiento, de alguna manera, el mecanismo procesal que podría culminar en una convicción. *Pueblo v. Tribunal Superior*, supra, págs. 459 y 466–467.

En el caso de autos no surge, ni de los documentos presentados por el peticionario ni de los que obran en los autos originales, prueba de que el agente del orden público hubiese emitido una denuncia-citación. Siendo esto así, el término para computar los sesenta (60) días para juicio rápido no comenzó a correr desde la comisión del acto delictivo.

---

[10] En su comparecencia, el Procurador General expone que su oficina presume "que los daños fueron mayores de cincuenta dólares ($50)". Ciertamente esta "presunción" no es admisible en derecho. La cuantía de los daños causados a la propiedad del perjudicado es un elemento a ser probado en su día de acuerdo con lo preceptuado en las Reglas de Evidencia.

## III

*Procedencia de la presentación de una denuncia para una nueva determinación de causa en un delito menos grave cuando la misma fue previamente desestimada bajo la regla 64(n)(2) de Procedimiento Criminal*

Cuando se trata de un delito menos grave, una vez desestimada una denuncia al amparo de las disposiciones de la citada Regla 64(n)(2) de Procedimiento Criminal, la Regla 67 del mismo cuerpo de reglas, *supra,* impide que se inicie otro proceso por el mismo delito. *Pueblo v. García,* supra; *Pueblo v. Maldonado,* supra. Esta disposición es de carácter mandatorio y la desestimación se entenderá hecha con perjuicio. Esto es así cuando la desestimación bajo la Regla 64(n) de Procedimiento Criminal, *supra,* ha sido hecha conforme a derecho. Ahora bien, ¿qué sucede si la desestimación adolece de los requisitos establecidos en nuestro ordenamiento? Este asunto no ha sido abordado directamente por este Foro.[11]

Nuestras Reglas 64(n) y 67 de Procedimiento Criminal, *supra,* tienen su origen en las Secs. 1382 y 1387 del Código Penal de California, respectivamente.[12]

---

[11] En el ámbito federal, a pesar de que existe una disposición similar a nuestras Reglas 64(n)(2) y 67 de Procedimiento Criminal, *supra,* la desestimación con perjuicio queda en todos los casos a la discreción del tribunal. 18 U.S.C. sec. 3162(a)(1).

[12] Dichas secciones establecen lo siguiente:

"*Sec. 1382—Failure to file information or bring case to trial within time limit; dismissal*

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

"1. When a person has been held to answer for a public offense and an information is not filed against him within 15 days thereafter.

"2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court[;] except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 60 day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter.

Allí, al discutir una desestimación al amparo de la Sec. 1387 (equivalente a nuestra Regla 67, *supra*) en relación con la Sec. 1385 del mismo cuerpo legal, los tribunales han resuelto que el Ministerio Público puede solicitar la revisión de una resolución que, por cualquier causa, declare con lugar una moción de desestimación cuando el acusado no ha sido expuesto al proceso penal, o sea, puesto en riesgo de ser convicto y castigado.(13) De otra parte, un acusado queda expuesto al riesgo de ser convicto y castigado una vez el juicio ha comenzado. "En los casos por jurado, el juicio comienza al tomársele el juramento definitivo para oficiar en la causa; en casos por tribunal de derecho, al tomársele el juramento al primer testigo." Nevares-Muñiz, *op. cit.*, pág. 113. En el caso de autos el acusado peticionario fue acusado de un delito menos grave y el proceso en su contra apenas está en la etapa preliminar de determinación de causa probable.

Cabe señalar, además, que en un caso algo parecido al de autos en lo procesal, expresamos que "[un] fallo absolutorio predicado

---

"3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, or in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the inferior court, within 30 days after such mistrial has been declared, after entry of the order granting the new trial, or after the remittitur is filed in the trial court or, if the new trial is to be held in the superior court, within 30 days after the judgment on appeal becomes final; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter or (2) if it is not tried on the date set for trial because of the defendant's neglect or failure to appear, in which case he shall be deemed to have been arraigned within the meaning of this subdivision on the date of his subsequent arraignment on a bench warrant or his submission to the court.

"If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent."

*"Sec. 1387—Dismissal as bar in misdemeanor cases, but not in felony cases*

"An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony." West's Ann. Cal. Penal Code Secs. 1382 y 1387.

(13) "A dismissal for any cause by a municipal court, including a dismissal in reliance upon Penal Code [Sec. 1385] is appealable by the People so long as the defendant has not been placed in jeopardy." *People v. Winters*, 342 P.2d 538 (1959). Véanse, además: *People v. Municipal Court, San Diego Judicial District*, 92 Cal. Rptr. 248 (1971); *People v. Stephen*, 227 Cal. Rptr. 380 esc. 1 (1986).

exclusivamente en *la errónea decisión de la cuestión de derecho*, no impide su revisión por *certiorari* y la devolución a instancia para continuación del juicio". (Énfasis suplido.) *Pueblo v. Tribunal Superior*, 104 D.P.R. 626, 629–630 (1976). Resolvemos, pues, que de igual forma que puede revisarse un fallo absolutorio si éste se funda en la decisión incorrecta de un punto de derecho, puede también revisarse una determinación afirmativa de desestimación bajo la Regla 64(n)(2) de Procedimiento Criminal, *supra*, en un caso de delito menos grave, cuando ésta esté fundada en un error de derecho. En tal situación el Estado tiene disponible el recurso de *certiorari*, pues se trata de una cuestión de derecho revisable ante el foro apelativo. *Pueblo v. Rivera Rivera*, 117 D.P.R. 283 (1986).

En el caso de autos, la determinación del Tribunal de Distrito fue contraria a derecho, pues no se violaron los términos de la citada Regla 64(n)(2). Las disposiciones de la Regla 67 de Procedimiento Criminal, *supra*, son, por lo tanto, inaplicables. De acuerdo con los hechos reseñados y con las disposiciones de ley discutidas, el Ministerio Público, por tratarse de un delito menos grave y por no haberse efectuado un arresto o su equivalente mediante la denuncia-citación, tenía el término de un (1) año para presentar la denuncia ordinaria contra el acusado peticionario. Art. 78(b) del Código Penal de 1974 (33 L.P.R.A. sec. 3412(b)).

Por todo lo antes expuesto, suscribo este voto particular y de conformidad con la sentencia emitida por este Tribunal.